Jonathan K. Cooperman
Michael J. Zinna
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Phone (212) 808-7800
Fax (212) 808-7897
Attorneys for Plaintiff NSI International, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NSI INTERNATIONAL, INC., | CASE NO. 1:20cv08389 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| HORIZON GROUP USA, INC. | |
| Defendant. | |

Plaintiff NSI International, Inc. ("NSI" or "Plaintiff") by its undersigned counsel, as and for its Complaint against Defendant Horizon Group USA, Inc. ("Horizon" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      NSI brings this action because Horizon has willfully and improperly copied virtually NSI's entire line of Smithsonian® branded science kits.  NSI introduced 14 different Smithsonian® branded kits and Horizon proceeded to knock off each and every one, either by reproducing or by copying NSI's original artwork and materials.

2.      As a result of this conduct described more fully herein, NSI seeks a permanent injunction and damages for Defendant's persistent willful copyright infringement and

unfair competition.  The willfulness of Horizon's acts is further demonstrated by the fact that Horizon has engaged in a multi-year pattern of infringing the intellectual property of NSI, as well as other companies in similar situations.

## THE PARTIES

3.    Plaintiff NSI is a Delaware corporation with its principal place of business located at 30 West 22nd Street, New York, New York 11735.

4.    Upon information and belief, Defendant Horizon is a corporation organized and existing under the laws of New Jersey with its principal place of business located at 76 Stirling Road, Warren, New Jersey, 07059.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this is an action for copyright infringement under 17 U.S.C. § 101 *et seq*. and for violations of 15 U.S.C § 1125(a). This Court also has diversity jurisdiction over the parties and this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs and is between citizens of different states.

6.    This Court has personal jurisdiction over Defendant because Defendant transacts business within the State of New York and in this District.  For example, Defendant's products, including those marketed and promoted using NSI's copyrighted works, are sold at stores in the County of New York and to consumers in New York County via e-commerce sales.

7.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because: (1) Defendant conducts business in this District; (2) a substantial part of the events or omissions giving rise to this action occurred in this District; and/or (3) Defendant is subject to personal jurisdiction in this district.

**STATEMENT OF FACTS**

8.      NSI is a global marketer and manufacturer and one of America's leading producers of high quality creative and educational consumer products whose goods can be found in thousands of retail locations in more than 30 countries around the globe.

9.      NSI was founded in 2005.  NSI has invested a significant amount of effort and expense in creating and developing creative and educational activity kits (the "Kits") for children in the areas of science, technology, engineering and math ("STEM") in conjunction with the famous Smithsonian Institution located in Washington D.C. (the "Smithsonian").  The Kits use the Smithsonian brand and cover more than a dozen topics, including gemstone digs, rockets, solar systems, microscopes, plasma balls, dinosaurs, robots and others.   One of the Kits is entitled Smithsonian "Microscope" (the "Copyrighted Product").   Plaintiff markets and sells the Kits, including the Copyrighted Product, through its website, located at www.nsi-intl.com, and at major retailers such as Amazon, Walmart and Michaels Stores.  Representative samples of the box front for the Kits, including the Copyrighted Product, can be found in paragraph 19 of this Complaint.

10.      NSI is the exclusive owner of U.S. copyright registrations on several of the Kits, including the Copyrighted Product, and has reserved its rights in the Copyrighted Product pursuant to 17 U.S.C. § 106.  The copyrightable elements of the Kits are registered with the U.S. Copyright Office and are afforded all the rights that come with federal copyright registration.  A Certificate of Registration covering the Copyrighted Product is attached hereto as Exhibit "A".

11.      NSI has made a substantial investment of time, money and effort to develop and promote the Kits.  This includes, for example, more than $5 million in development and advertising expenditures and thousands of man hours in development.  As a result of this effort, the relevant consuming public has come to associate the Kits for children with NSI and its Smithsonian brand.

3

12.     NSI's efforts and expense in creating, selling and promoting the Kits has also given NSI knowledge about key market factors necessary to be successful selling products of this type.  For example, through NSI's efforts, NSI has learned which Kits are the biggest sellers, to which consumers, in which retail locations, and in which areas of the country.  This knowledge could not have been acquired initially without an investment of substantial time, money and effort expended by NSI.

13.     The rights in and to the Copyrighted Product have never been licensed to Defendant in this matter and Defendant is not otherwise authorized to display, reproduce or use the Copyrighted Product or the other artwork and components associated with the Kits.

<u>**DEFENDANT'S UNLAWFUL ACTIVITIES**</u>

14.     Horizon promotes and sells hobby and craft items through third party retailers across the country, including through the websites of major online retailers such as www.amazon.com, www.walmart.com and www.michaels.com.

**The Prior 2016 Lawsuit Where Horizon**
**<u>Was Improperly Copying NSI Products</u>**

15.     In September 2016, NSI discovered that Horizon was marketing a line of competing products under the "Discovery Kids" brand that infringed the federally-registered copyrights on four (4) of the Kits.  In particular, four of Horizon's Discovery-branded products used either a similar product image or name, or had product instructions that copied near word-for-word instructions for NSI kits.  As a result, NSI filed a lawsuit in this Court against Horizon on October 7, 2016, styled *NSI International, Inc. v. Horizon Group USA, Inc.*, 1:16-cv-07841 (the "2016 Lawsuit").  NSI alleged copyright infringement in violation of 17 U.S.C. § 501, federal unfair competition in violation of Section 43 of the Lanham Act, statutory unfair competition under New York General Business Law § 349, common law unfair competition and common law unjust

enrichment (the "2016 Lawsuit," a copy of which is attached as Exhibit "B").

16.     The 2016 Lawsuit was settled and voluntarily dismissed on January 9, 2017.

**Horizon's Continued Pattern of**
**Improperly Copying NSI Products**

17.     Horizon has continued to engage in a pattern of behavior to infringe on NSI's rights.  Horizon has copied no fewer than 14 of NSI's Smithsonian Kits (the "Infringing Products").  Horizon is using similar names, packaging, and STEM subject matter, all in an unlawful attempt to pattern off of NSI, after NSI has spent substantial time, money and effort to design and produce the Kits, and learn what does and does not work in this product category.  Upon information and belief, Horizon has introduced Infringing Products usually within a year after NSI's products have proved to be successful at retail. Horizon's development process is cheaper because Horizon is copying NSI's work product and its products are inferior copies, both of which allow Horizon to sell its copies at lower prices with a pitch to retailers that the products are the same as NSI's products, only cheaper.

18.     Among the characteristics of NSI's kits that Horizon's Infringing Products have copied are NSI's unique retail box sizes.  This copying of box sizes is an important part of Horizon's intentional misappropriation.  Retailers allot certain amounts of shelf space for specific products.  By copying NSI product box sizes, Horizon can more easily convince retailers to reallocate shelf space from NSI's products to Horizon's Infringing Products.

19.     Below are depictions of the 14 NSI Smithsonian-branded products.  Next to each NSI product is Horizon's subsequently introduced Discovery-branded knock-off products. The pictures depict that Horizon has copied NSI products, products names and/or packaging in an attempt to improperly benefit from NSI's Smithsonian® brand.

1.    **NSI's Smithsonian® Magic Rocks**







Upon information and belief, Horizon has recently started introducing new or additional packaging options for some products, to make the packaging look even more similar to NSI's packaging.  Horizon's Crystal Aquarium product was sold at Walmart in September, 2020 with the following packaging:



**2.    NSI's Smithsonian® Rock and Gem Dig**



Horizon's Gemstone Dig product was sold at Walmart in September, 2020 with the following updated packaging:



3.   <u>**NSI's Smithsonian® Rocket Science**</u>




4.   <u>**NSI's Smithsonian® EGLO**</u>




**5.**    **NSI's Smithsonian® Prehistoric Sea Monsters**






**6.**    **NSI's Smithsonian® Microscope**








**7.**   **NSI's Smithsonian® Plasma Ball**




**8.**   **NSI's Smithsonian® Rock Tumbler**




10

9.   **NSI's Smithsonian® Rock Tumbler Refill Kit**







10.   **NSI's Smithsonian® Motor Works**







11

**11.** **NSI's Smithsonian® Diggin' Up Dinos**





**12.** **NSI's Smithsonian® Robo Spider**





**13.**   **NSI's Smithsonian® Mega Science Lab**





**14.**   **NSI's Smithsonian® Bundle**






20.   In particular, Horizon's Discovery Kids "Microscope Lab" kit packaging

is substantially similar to NSI's copyrighted Smithsonian® "Microscope" kit packaging.  The 2-

13

D artwork and photographs on the front and back of Horizon's Discovery "Microscope Lab" kit's packaging are substantially similar to the image on the front and back of NSI's "Microscope" Kit.  Similar to NSI's copyrighted work, Horizon's knockoff product features: (a) a circular logo in the upper left hand corner, followed by the brand name of the kit, (b) three circular graphics running down the left side of the box indicating levels of magnification, (c) a picture of a microscope from a perspective view and (d) pictures of seven identical accessories contained in the kit.  A later version of NSI's Smithsonian® "Microscope" packaging (but which still pre-dates Horizon's Microscope Lab product) also contains a prominent graphic noting that the product is a STEM product; a similar STEM graphic can be found on Horizon's packaging. The Microscope Lab kit's eight (8) components are also the exact same as eight (8) components contained in NSI's Copyrighted Product's Kit.







Upon information and belief, the Infringing Products are being sold in several national retail chains as well as on various e-commerce sites, including but not limited to www.michaels.com and www.amazon.com.

21.    NSI is not seeking to stifle legitimate competition in this product category. Several other companies compete or have competed with NSI in this product category using their own distinctive packaging:





.



NSI has not accused any of these companies of any wrongdoing, because only Horizon has systemically misappropriated NSI's packaging look, packaging sizes, play patterns and item names in order to compete in the market on the back of NSI's efforts.  The above-referenced

16

products make clear that it is not necessary to misappropriate the fruits of NSI's efforts in order to compete in the market.

**Defendant's Pattern and Practice of Similar Infringement**

22.     Defendant has engaged in the above-described illegal infringing activities in this District and across the United States, knowingly and intentionally, or with reckless disregard for, or willful blindness to, NSI's rights in and to the Copyrighted Product.

23.     Demonstrating Defendant's willfulness, this is not the first time that Defendant has engaged in such improper actions.  As set forth in *Green Girl Studios, Inc. v. Horizon Group USA and Michaels Stores, Inc.,* 10-cv-02020, N.D. Ohio, Defendant engaged in infringing activity by selling jewelry products that copied plaintiff's copyrighted artwork.  As set forth in *Varsity Spirit corp. v. Horizon Group USA, Inc. Michaels Stores, et al.,* 15-cv-00767 12-CV-07463, S.D.N.Y., Defendant improperly sold products using plaintiff's registered VARSITY V trademark.  Likewise, as set forth in *Brand Design Co, Inc. v. Horizon Group USA, Inc. et al.* D. Del., Defendant used the plaintiff's copyrighted design on its products.  As set forth in *Glue Dots International, Inc. v. Horizon Group USA, Inc.*, 2:17 cv 1781, E.D. Wisconsin, Horizon marketed art kits using plaintiff's GLUE DOTS trademark.  And as noted above, NSI itself has had to commence litigation against Horizon previously, for similar acts of infringement.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement in Violation of 17 U.S.C. § 501)

24.     NSI incorporates by reference each of the allegations in paragraphs 1 through 23 above as though fully set forth herein and further alleges as follows:

25.     NSI is the owner of valid copyright in and to the Copyrighted Product.  The 2-D artwork and photographic images on the packaging are wholly original to NSI and are copyrightable subject matter under the copyright laws of the United States.

26.     The Copyrighted Product is the subject of U.S. Copyright Registration No. VA 2-190-334.

27.     Defendant had access to the Copyrighted Product via retailers and the www.nsi-intonline.com website and other third-party retailer websites, all publicly available Internet websites.

28.     Defendant infringed Plaintiff's Copyrighted Product by reproducing, displaying and using 2-D artwork and photographic images on the packaging of its products which are substantially similar to, and are copied and derived from, the copyrightable elements of the Copyrighted Products, and then selling competing products in violation of Plaintiff's rights under the U.S. Copyright Act.

29.     Upon information and belief, Defendant engaged in such activity intentionally and despite notice of Plaintiff's rights and for the specific purpose of infringing Plaintiff's copyrights, and deriving unlawful benefits therefrom.

30.     Defendant's copyright infringement has caused, and will continue to cause, substantial damage to Plaintiff.

31.     By reason of Defendant's intentional and willful copyright infringement of the Copyrighted Product, including its use of identical or substantially similar copies of the copyrightable elements of the Copyrighted Product, NSI has been and will continue to be irreparably harmed unless Defendant is permanently enjoined from its unlawful conduct.

32.     Plaintiff has been damaged by Defendant's acts complained of herein in an amount not yet known, but believed to be in excess of $10 million.

33.     As a result of Defendant's copyright infringement, Defendant obtained gains and profits they would not have otherwise realized.  NSI is entitled to disgorgement of

Defendant's profits attributable to its infringement.

34.     Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition in Violation of Section 43 of the Lanham Act)**

35.     NSI incorporates by reference each of the allegations in paragraphs 1 through 34 above as though fully set forth herein and further alleges as follows:

36.     Defendant's use of the copyrightable elements of NSI's Copyrighted Product in connection with the promotion and sale of Defendant's goods is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's business and products are affiliated, connected or associated with NSI or have the sponsorship, endorsement, or approval of NSI.  This results in increased sales and further unjust enrichment of Defendant through its deceptive and unfair marketing practices, in connection with the Copyrighted Product and NSI's other Kits.

37.     Defendant's use of the copyrightable elements of NSI's Copyrighted Product and other Kits constitute statements and representations regarding the nature, quality, characteristics, and benefits associated with Defendant's products that are false and misleading, and have deceived and will continue to deceive a substantial segment of Horizon's audience.

38.     Defendant's creation of the false and misleading impression that Defendant's business and products are affiliated, connected or associated with NSI or have the sponsorship, endorsement, or approval of NSI are material to consumers, many of whom would not have purchased Defendant's goods if they had known that these representations were false, but would instead have purchased the goods of other manufacturers, including NSI.

39.     Defendant's misrepresentation of its goods is deceptive and, in fact, they persistently and habitually endeavor to deceive consumers and retailer customers through their

pilfering of intellectual property.

40.     Defendant's false and misleading statements were made in connection with commercial advertising and promotion.

41.     Upon information and belief, Defendant chose to misappropriate NSI's Copyrighted Product with constructive and/or actual knowledge of NSI's rights in and to the Copyrighted Product.  Upon information and belief, Defendant falsely advertises goods using the copyrightable elements of the Copyrighted Product with the intent to cause confusion, to cause mistake, or to deceive.  Defendant has also patterned its entire line of Discovery STEM kits after NSI's Kits with this intent.

42.     Defendant's false and misleading statements regarding the nature, quality, characteristics, performance, legality and benefits associated with its products are likely to influence consumers' purchasing decisions.

43.     Defendant's false and misleading statements have caused Plaintiff to suffer injury.

44.     The foregoing acts of Defendant constitute violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Section 43(a) of the Lanham Act prohibits, in relevant part, any "false or misleading description of fact, or false or misleading representation of fact which … in commercial advertising or promotion, misrepresents the nature, characteristics, [or] qualities … of his or her or another person's goods, services or commercial activities."

45.     Because Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a), NSI has sustained injury and damages caused by Defendant's conduct.  Absent an entry of an injunction by this Court, NSI will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

46.     Defendant's false statements were made willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) and entitling NSI to an award of enhanced damages and reasonable attorney's fees.

47.     NSI has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Statutory Unfair Competition - New York General Business Law § 349)

48.     NSI incorporates by reference paragraphs 1 through 47 above as though fully set forth herein and further alleges as follows:

49.     Defendant's foregoing acts constitute deceptive acts and business practices of a recurring nature and have caused, and will continue to cause, injury to the public at large, as well as NSI, in violation of New York General Business Law § 349 because it used copyrightable elements from NSI's Copyrighted Product and other Kits to deceive and mislead customers into purchasing Defendant's goods, and has impermissibly patterned its entire product line off of NSI's Kits.

50.     As a direct and proximate result of Defendant's violation of New York General Business Law § 349, Plaintiff has suffered injury in fact, which losses include monetary damages and damage to NSI's goodwill with their existing, former and potential customers. Defendant's conduct has also caused damage to consumers.

51.     These wrongful acts have proximately caused and will continue to cause NSI substantial injury, including monetary damages, loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of NSI's products.  The harm these wrongful acts will cause to NSI is both imminent and irreparable, and the amount of damage sustained by NSI will be difficult to ascertain if these acts continue.  NSI has no adequate

remedy at law.

52.     NSI is entitled to an injunction restraining Defendant, its officers, agents, employees, and all persons acting in concert with it from engaging in further such unlawful conduct.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

53.     NSI incorporates by reference each of the allegations in paragraphs 1 through 52 above as though fully set forth herein and further alleges as follows:

54.     Defendant's unlawful appropriation of NSI's rights through unauthorized copies of the Copyrighted Product and wholesale patterning off of NSI's Kits in Defendant's marketing and sales of products was intended to capitalize, for Defendant's own pecuniary gain, on the goodwill and excellent reputation of NSI and its Kits, including the Copyrighted Product, which NSI has expended substantial time, resources and effort to create, market and sell.  Thereby, Defendant has unfairly competed with and is benefiting from their infringement of property rights that rightfully belong to NSI.

55.     NSI has been harmed and will continue to be irreparably harmed as a result of Defendant's unlawful actions unless Defendant is permanently enjoined from its unlawful conduct.

56.     Upon information and belief, without a permanent injunction, Defendant will continue its infringement of NSI's Copyrighted Product and wholesale patterning of NSI's Kits.

57.     NSI has sustained injury and damages caused by Defendant's conduct, and absent an entry of an injunction by this Court, NSI will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

58.     NSI has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

### (Common Law Unjust Enrichment)

59.     NSI incorporates by reference each of the allegations in paragraphs 1 through 58 above as though fully set forth herein and further alleges as follows:

60.     Defendant has obtained significant financial benefit through its use of NSI's intellectual property.

61.     Defendant acquired these benefits voluntarily and with full knowledge that these benefits were derived from its unauthorized use of NSI's intellectual property.

62.     Thus, Defendant has retained significant financial benefits under circumstances that make it unjust and inequitable for Defendant to retain those benefits without paying NSI the value of the benefits Defendant acquired.

63.     NSI is entitled to recover the significant financial benefits that Defendant has obtained through its willful and wanton conduct in an amount to be determined at trial.

### JURY TRIAL DEMAND

NSI requests a jury trial on all issues so triable.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment and relief as follows:

A.     That Defendant and its agents be permanently enjoined from infringing NSI's copyrights, including the copying, selling, marketing, distributing, displaying or otherwise exploiting infringing copies of the Copyrighted Product, and that Defendants be required to deliver up to NSI all copies of the infringing work, and all materials used in making the infringing work;

B.     That Defendant and its agents be permanently enjoined from patterning its products off of NSI's Kits;

C.      That Defendant be required to pay NSI such damages as NSI has sustained as a result of Defendant's infringement of copyright and other unlawful activity described herein;

D.      That Defendant account for and pay to NSI all gains, profits and advantages derived by Defendant arising from its infringement, or, at NSI's election with respect to its First Claim, that NSI be awarded statutory damages as provided by 17 U.S.C. § 504(c);

E.      That NSI recover all the costs, disbursements and attorneys' fees incurred by NSI in bringing its claims, pursuant to 17 U.S.C. § 505;

F.      That NSI recover prejudgment interest on any monetary award made part of the judgment against Defendant;

G.      That NSI be awarded punitive damages;

H.      Such other and further relief as this Court may deem just and proper.

DATED: October 7, 2020

KELLEY DRYE & WARREN LLP

Jonathan K. Cooperman

By _____

Jonathan K. Cooperman (JC1804)
Email: jcooperman@kelleydrye.com
Michael J. Zinna (MZ3009)
Email: mzinna@kelleydrye.com
101 Park Avenue
New York, New York 10178
(212) 808-7800
Attorneys for Plaintiff NSI International, Inc.