UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NSI INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> HORIZON GROUP USA, INC. <br><br> Defendant. | CASE NO. 1:20cv8389 (JGK) <br><br><br> **RULE 26(f) JOINT REPORT OF THE PARTIES, PROPOSED CASE MANAGEMENT PLAN AND PROPOSED SCHEDULING ORDER** |

In accordance with Federal Rule of Civil Procedure 26(f), counsel for Plaintiff NSI International, Inc. ("Plaintiff") and Defendant Horizon Group USA, Inc. ("Defendant") have conferred and submit the following report (the "Report"). This Report includes a Proposed Case Management Plan and Scheduling Order.

I.   SUMMARY OF CLAIMS AND DEFENSES

   A.   **Plaintiff's Statement**

This is an action brought by Plaintiff against Defendant stemming from Defendant's use of product packaging that Plaintiff contends is confusingly similar to the proprietary packaging of Plaintiff's own science, technology, engineering and math ("STEM") activity kits for children. The current causes of action in the case are trade dress infringement under 35 U.S.C. § 1125(a) and common law unfair competition under New York law, both of which survived Defendant's motion to dismiss. The claim for common law unjust enrichment under New York law was dismissed on June 10, 2022. Order, ECF No. 57.

Plaintiff has long been a market leader in creating, manufacturing and selling STEM activity kits for children. Plaintiff's packaging of its kits (the "NSI Kits") contain a distinctive combination of elements that NSI considers to be its protectable trade dress (the "NSI Trade Dress") as follows: (a) a rectangular 10.5 inch by 11.75 inch box that utilizes (b) a solid white

background, (c) with a brand name placed at the top, (d) the product name placed in the lower quadrant, (e) 3 – 4 colorful shape icons containing or next to product descriptors, (f) an image of the product or its components centered on the box and taking approximately 60 – 70% of the box space and (g) an absence of people playing with the product.

      This dispute arises from Defendant's copying of NSI's Trade Dress for six STEM kits, calculated to intentionally and impermissibly make Defendant's kits look like the NSI Kits at brick-and-mortar points of sale and online.  The alleged infringement can be illustrated as follows (the NSI Trade Dress is described on the left, the NSI Kits are in the middle, and the Defendant's accused products are on the right):

1. A rectangular 10.5 inch by 11.75 inch box
2. A solid white background
3. The brand name placed at the top
4. The product name placed at same level in the lower quadrant
5. 3-4 colorful shape icons containing or next to product descriptors
6. An image of the product or components centered on the box and taking approximately 60%-70% of the box space
7. No people shown



1. A rectangular 10.5 inch by 11.75 inch box
2. A solid white background
3. The brand name placed at the top
4. The product name placed at same level in the lower quadrant
5. 3-4 colorful shape icons containing or next to product descriptors
6. An image of the product or components centered on the box and taking approximately 60%-70% of the box space
7. No people shown



1. A rectangular 10.5 inch by 11.75 inch box
2. A solid white background
3. The brand name placed at the top
4. The product name placed at same level in the lower quadrant
5. 3-4 colorful shape icons containing or next to product descriptors
6. An image of the product or components centered on the box and taking approximately 60%-70% of the box space
7. No people shown






This behavior has allowed Defendant to steal not only market share and revenue from Plaintiff, but has allowed Plaintiff to take shelf space away from Plaintiff at key retailers such as Michaels Stores and Walmart. This is the second time Plaintiff has been forced to sue Defendant

for Defendant's infringement of intellectual property rights related to the packaging of the NSI Kits.  Plaintiff's infringement is knowing, intentional and willful.

### B. Defendant's Statement

After having amended its complaint three times, Plaintiff now seeks to bring a claim for trade dress infringement. Much like its prior complaints, however, Plaintiff fails to plead a *prima facie* case for trade dress infringement because Plaintiff does not sufficiently allege a protectable trade dress for two reasons: first, Plaintiff's trade dress is functional, and second, Plaintiff's trade dress is descriptive. As explained in detail in Defendant's Memorandum of Law in Support of Plaintiff's Motion to Dismiss (DI 43), Plaintiff's trade dress seeks monopoly protection for essential functions of a product package, *i.e.*, identifying a product, providing information about the product, and displaying a source designating mark for the product. Plaintiff's trade dress is also descriptive because the trade dress simply describes the content of the package. Moreover, as a descriptive trade dress, Plaintiff has failed to sufficiently allege secondary meaning beyond conclusory statements. Lastly, Plaintiff's trade dress seeks protection for a product line. Plaintiff has not consistently used the elements of its trade dress across its product line, and therefore, Plaintiff has failed to allege a protectable trade dress for this additional reason.




II.     **BASIS OF SUBJECT MATTER JURISDICTION**

Federal Question

III.     **SUBJECTS ON WHICH DISCOVERY IS NEEDED**

Plaintiff anticipates taking discovery on the following subjects at this time but expressly reserves the right to seek discovery on additional relevant subjects:

- Defendant's development, clearance for use, adoption of and continued use of the packaging design of its STEM Kits, including the accused products;
- Defendant's branding, marketing and advertising of its STEM Kits, including the accused products;
- Defendant's business operations as related to its STEM Kits, including the accused products;
- Financial information about the Defendant, including revenue, profits and expenses associated with Defendant's STEM Kits, including the accused products.
- Defendant's knowledge of Plaintiff and its STEM kits.
- Defendant's asserted defenses.

Defendant anticipates taking discovery on the following subjects at this time but expressly reserves the right to seek discovery on additional relevant subjects:

- Plaintiff's development, clearance for use, adoption of and continued use of the purported trade dress;
- Plaintiff's branding, marketing and advertising of its trade dress;
- Plaintiff's financial information about the trade dress, including revenue, profits and expenses associated with the products covered by the trade dress.

- Plaintiff's other claims and allegations laid out in the Second Amended Complaint.

### IV. INITIAL DISCLOSURES

The Parties exchanged initial disclosures on December 10, 2021.

### V. FORMAL DISCOVERY PLAN AND SCHEDULE

A. The Parties jointly propose to the Court the following discovery plan and case schedule.

| EVENT | PROPOSED DATE |
|---|---|
| Initial Disclosures (as noted in Section IV) | December 10, 2021 |
| Amendment to Pleadings | March 18, 2022 |
| Fact Discovery Cutoff | November 10, 2022 |
| Initial Designation of Experts and Expert Reports | December 29, 2022 |
| Rebuttal Expert Report Deadline | January 26, 2023 |
| Expert Discovery Cutoff | March 28, 2023 |
| Dispositive Motion Filing Deadline | April 18, 2023 |
| Joint Pretrial Order Due | May 18, 2023 |
| Pretrial Conference | |
| Pre-Trial Filings Due | May 18, 2023 or 21 days after decision of any dispositive motion |
| Trial Date | At the Court's earliest convenience; Ready – Trial 48 hours' notice, 21 days after the filing of the Joint Pre-Trial Order. |

B. The Parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines and other discovery matters may be extended by the Parties on consent without application to the Court, provided that the Parties meet the deadline for completing fact discovery as set forth in Section V(A) above.

1. Fact depositions shall be limited to no more than 10 depositions by any Party.

    2.  Interrogatories, Requests for Admission and Requests for Production must be served no later than 30 days before the fact discovery deadline.

    3.  Supplementation: Supplementations under Rule 26(e) shall be made within a reasonable period of time after discovery of the information necessitating the supplementation.

**VI. LIMITATIONS ON DISCOVERY**

  The Parties anticipate seeking the entry of a Discovery Confidentiality Order / Protective Order.

**VII. ANTICIPATED DISCOVERY DISPUTES**

  The Parties do not currently anticipate any discovery disputes.

**VIII. AMENDMENTS TO THE PLEADINGS**

  Plaintiff does not presently anticipate amending its Complaint to name additional parties, but reserves the right to do so by the deadline set forth above.

**IX. EXPERT WITNESS DISCLOSURES**

  The Parties anticipate utilizing experts.  Expert reports and depositions will be handled on the timeframe set forth in Section V(A) above.

**X. ELECTRONIC DISCOVERY**

  The Parties have discussed electronic discovery. At this time, it is not anticipated that an atypical amount of electronic discovery will be needed.  The Parties will further confer in good faith to set e-discovery protocols that are proportional to the needs of the case.

  Documents will be produced by email or a secure method agreed upon by the Parties, and will be produced as Bates-stamped single page .Tiff files with load files to preserve metadata, except that spreadsheets or similar financial data files and audio-visual files will be produced in

native format.  Emails will be produced with all attachments sequentially appended.  The Parties have agreed to accept service of discovery by email.

## XI.    ANTICIPATED MOTIONS

Plaintiff and Defendant presently anticipate filing motions for summary judgment on liability issues if they determine that the evidentiary record supports such a motion.

## XII.    EARLY SETTLEMENT OR RESOLUTION

The Parties conducted mediation on November 15, 2021.  The case did not resolve.

## XIII.    TRIAL

The Parties anticipate that trial will take 3–4 days. The Parties do not consent to a Magistrate Judge at this time.  The Parties request a jury trial.

| KELLEY DRYE & WARREN, LLP<br><br>*Attorneys for Plaintiff*<br><br>By:    /s/ Michael J. Zinna<br>         Michael J. Zinna | HUNTON ANDREWS KURTH LLP<br><br>*Attorneys for Defendant*<br><br>By:    /s/ Armin Ghiam<br>         Armin Ghiam |
|---|---|

Dated: June 24, 2022