UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NSI INTERNATIONAL, INC., *Plaintiff*, v. HORIZON GROUP USA, INC., *Defendant*. | Case No. 1:20-cv-08389-JGK<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT'S ANSWER AND COUNTERCLAIMS

Defendant/Counterclaims-Plaintiff Horizon Group USA, Inc. ("Horizon" or "Defendant"), by its undersigned counsel, answers Plaintiff/Counterclaims-Defendant NSI International Inc.'s ("Plaintiff") Second Amended Complaint ("Complaint") as follows:

### NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint, and therefore, denies the same.

2. Defendant admits that the Complaint purports to seek relief for alleged trade dress infringement. Defendant denies the rest of the allegations in paragraph 2 of the Complaint.

### PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint, and therefore, denies the same.

4. Defendant admits that it is a New Jersey corporation as alleged in paragraph 4. Defendant denies the rest of the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint contains legal conclusions to which no response is required.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

## STATEMENT OF FACT

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint, and therefore, denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint, and therefore, denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint, and therefore, denies the same.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint, and therefore, denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint, and therefore, denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Complaint, and therefore, denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Complaint, and therefore, denies the same.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Complaint, and therefore, denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint, and therefore, denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint, and therefore, denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Complaint, and therefore, denies the same.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Complaint, and therefore, denies the same.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint, and therefore, denies the same. To the extent the allegations of paragraph 21 seek to incorporate, paraphrase or characterize the contents of a media file hosted on a third-party platform (*i.e.*, document), the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint, and therefore, denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint, and therefore, denies the same.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Complaint, and therefore, denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Complaint, and therefore, denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Complaint, and therefore, denies the same.

27. Defendant admits that it is not a licensee of Plaintiff's alleged trade dress. Defendant denies the rest of the allegations in paragraph 27 of the Complaint.

**DEFENDANT'S ACTIVITIES**

28. Defendant admits the allegations in paragraph 28 of the Complaint.

29. Defendant admits that, on October 7, 2016, Plaintiff filed the lawsuit referenced in paragraph 29 of the Complaint against Horizon. Defendant also admits that the lawsuit purported to assert claims for copyright infringement in violation of 17 U.S.C. § 501, federal unfair competition in violation of Section 43 of the Lanham Act, statutory unfair competition under New York General Business Law § 349, common law unfair competition and common law unjust enrichment. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the Complaint, and therefore, denies the same.

30. Defendant admits that the 2016 lawsuit was settled via a legal and binding written settlement agreement between Plaintiff and Defendant, and that the lawsuit was subsequently voluntarily dismissed on January 9, 2017. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the Complaint, and therefore, denies the same.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint, and therefore, denies the same.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies that it has copied Plaintiff's unique box sizes. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 of the Complaint, and therefore, denies the same.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Complaint, and therefore, denies the same.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint. To the extent the allegations of paragraph 38 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

39. Defendant admits that Crystal Aquarium is a product of Defendant and that its packaging has changed recently. Defendant denies the rest of the allegations in paragraph 39 of the Complaint. To the extent the allegations of paragraph 39 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

40. Defendant admits that Crystal Aquarium is a product of Defendant and that its packaging has changed recently. Defendant also admits that it has not misappropriated Plaintiff's alleged trade dress with its other package designs. Moreover, Defendant admits that the product is sold in Walmart. Defendant denies the rest of the allegations in paragraph 40 of the Complaint.

41. Defendant admits that the product on the right is a product of Defendant. Defendant denies the rest of the allegations in paragraph 41 of the Complaint.

42. Defendant admits that Glowing Volcano is a product of Defendant and that its packaging has changed recently. Defendant also admits that it has not misappropriated Plaintiff's alleged

trade dress with its other package designs. Defendant denies the rest of the allegations in paragraph 42 of the Complaint.

43. Defendant admits that the product on the right is a product of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 43 of the Complaint, and therefore, denies the same.

44. Defendant admits that Gemstone Dig is a product of Defendant and that its packaging has changed recently. Defendant also admits that it has not misappropriated Plaintiff's alleged trade dress with its other package designs. Defendant denies the rest of the allegations in paragraph 44 of the Complaint.

45. Defendant admits that the product on the right is a product of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 45 of the Complaint, and therefore, denies the same.

46. Defendant admits that Crystal Growing (on the right) is a product of Defendant and that its packaging has changed recently. Defendant also admits that it has not misappropriated Plaintiff's alleged trade dress with its other package designs. Defendant denies the rest of the allegations in paragraph 46 of the Complaint.

47. Defendant admits that the product on the right is a product of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 47 of the Complaint, and therefore, denies the same.

48. Defendant admits that Propulsion Rocket is a product of Defendant and that its packaging has changed recently. Defendant also admits that it has not misappropriated Plaintiff's alleged trade dress with its other package designs. Defendant denies the rest of the allegations in paragraph 48 of the Complaint.

49. Defendant admits that the product on the right is a product of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 49 of the Complaint, and therefore, denies the same.

50. Defendant admits that Prehistoric Sea Creatures is a product of Defendant and that its packaging has changed recently. Defendant also admits that it has not misappropriated Plaintiff's alleged trade dress with its other package designs. Defendant denies the rest of the allegations in paragraph 50 of the Complaint.

51. Defendant admits that the product on the right is a product of Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations in paragraph 51 of the Complaint, and therefore, denies the same.

52. Defendant admits that Solar System Model is a product of Defendant and that its packaging has changed recently. Defendant also admits that it has not misappropriated Plaintiff's alleged trade dress with its other package designs. Defendant denies the rest of the allegations in paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Complaint, and therefore, denies the same.

54. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the Complaint, and therefore, denies the same.

55. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Complaint, and therefore, denies the same.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Complaint, and therefore, denies the same.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint. To the extent the allegations of paragraph 60 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with the document.

61. Defendant admits the allegations in paragraph 61 of the Complaint.

62. Defendant admits the allegations in the first sentence of paragraph 62 of the Complaint. Defendant denies the rest of the allegations in paragraph 62 of the Complaint.

63. Defendant admits the allegations in the first sentence of paragraph 63 of the Complaint. Defendant denies the rest of the allegations in paragraph 62 of the Complaint.

64. Defendant admits the allegations in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Complaint, and therefore, denies the same.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of the Complaint, and therefore, denies the same.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Complaint, and therefore, denies the same.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Complaint, and therefore, denies the same.

69. Defendant denies the allegations in paragraph 69 of the Complaint.

70. Defendant denies the allegations in paragraph 70 of the Complaint.

**FIRST CLAIM FOR RELIEF**

71. Defendant repeats and incorporates by reference its responses to the allegations in the previous paragraphs of the Complaint as though set forth fully herein.

72. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of the Complaint, and therefore, denies the same.

73. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Complaint, and therefore, denies the same.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Defendant denies the allegations in paragraph 75 of the Complaint.

76. Defendant denies the allegations in paragraph 76 of the Complaint.

77. Defendant denies the allegations in paragraph 77 of the Complaint.

78. Defendant denies the allegations in paragraph 78 of the Complaint.

79. Defendant denies the allegations in paragraph 79 of the Complaint.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

**SECOND CLAIM FOR RELIEF**

82. Defendant repeats and incorporates by reference its responses to the allegations in the previous paragraphs of the Complaint as though set forth fully herein.

83. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83 of the Complaint, and therefore, denies the same.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

**THIRD CLAIM FOR RELIEF**

88. Plaintiff's third claim for relief was dismissed by the Court, and therefore, no response is required as to paragraphs 88-93. To the extent any response is required, Defendant denies the allegations in paragraphs 88-93 of the Complaint.

**AFFIRMATIVE DEFENSES**

As and for its Affirmative Defenses, Defendant hereby alleges as follows:

**First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim of action or facts sufficient to constitute a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not identified any protectable trade dress. Plaintiff's alleged trade dress is functional, descriptive and lacks secondary meaning.

**Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant has not infringed Plaintiff's alleged trade dress. Indeed, Defendant's accused packages are not likely to cause consumers to be confused, mistaken or deceived into believing that the accused packages originate with or are otherwise associated with Plaintiff.

**Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use, and/or descriptive use.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, the First Amendment to the Constitution of the United States.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any loss or damages as a result of Defendant's alleged conduct.

**Seventh Affirmative Defense**

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered irreparable harm.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because it has failed to mitigate its alleged damages and/or attorneys' fees.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, based on the applicable statute of limitations.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by equitable doctrines of laches, estoppel, acquiescence, and/or unclean hands.

### Twelfth Affirmative Defense

Plaintiff's claims to injunctive relief are barred, in whole or in part, because (1) it is not likely to prevail on the merits; (2) Plaintiff has not suffered and will not suffer irreparable harm because of any conduct by Defendant; and (3) Plaintiff has an adequate remedy at law for its alleged injury.

### Additional Affirmative Defenses

Defendant reserves the right to rely upon any other defenses that may apply to this action to amend its answer and assert such defenses at the appropriate time.

### PRAYER FOR RELIEF

**WHEREFORE**, having fully answered, Defendant prays that this Court deny all relief sought by Plaintiff in the Compliant (including, without limitation, the entirety of the Complaint's Prayer for Relief on pages 32-33 thereof), enter judgment in favor of Defendant and against Plaintiff on the Complaint, award Defendant its costs, attorneys' fees and expenses, and grant Defendant such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

## COUNTERCLAIMS

Defendant/Counterclaims-Plaintiff Horizon Group USA, Inc. ("Horizon"), by its undersigned counsel, for its counterclaims against Plaintiff/Counterclaim-Defendant NSI International, Inc. ("NSI") alleges as follows:

### PARTIES

1. Horizon is a corporation organized and existing under the laws of New Jersey, with its principal place of business located at 45 Technology Drive, Warren NJ 07059.

2. NSI is a Delaware corporation with its principal place of business located at 30 West 22nd Street, New York, NY 11735.

### JURISDICTION

3. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. § 1051 et seq., and under state law governing substantial and related claims that arise out of the same operative facts.

4. This Court has original subject matter jurisdiction over these counterclaims pursuant to 15 U.S.C. §§ 1119 and 1121, 17 U.S.C. § 501, 28 U.S.C. §§ 1331 and 1338, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. § 1367.

5. The counterclaim for breach of contract arises under the common law of the State of New York and is so related to the federal claims asserted herein, that it forms part of the same case or controversy. Therefore, this Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6. This Court has personal jurisdiction over NSI because NSI has submitted to this Court's personal jurisdiction by suing Horizon in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as NSI is subject to personal jurisdiction in this District.

## FACTS

8. From humble beginnings, Horizon's predecessor began manufacturing crafts in 1912 as a small company located in New York City. Today, Horizon is a leading supplier of children's activity kits and craft components in the United States.

9. Horizon's brands are recognized and trusted for delivering high quality and innovation at an exceptional value and providing artistic exploration for children, particularly its children activity kits. Horizon has received several awards for its kits, including awards from Creative Child Magazine, Family Choice Awards, Teacher's Choice Awards, Parent's Choice Fun Stuff Awards and several of Horizon's products have been chosen as a Dr. Toys' Best Pick.

10. Horizon products use vibrant, distinctive graphics to inspire children, whether by showing how to build a science kit or making scientific experience fun for the early and advanced learner.

11. Horizon's Discovery line of science kits are distributed under a license from Discovery Channel. Horizon's packaging is designed under the strict design guidelines provided by Discovery Channel.

12. Horizon seeks a declaration indicating that its Discovery packages do not cause any confusion with NSI's alleged trade dress.

### FIRST COUNTERCLAIM - DECLARATION OF NON-INFRINGEMENT

13. Horizon repeats and realleges paragraphs 1 through 12 hereof, as if fully set forth herein.

14. NSI alleges that it owns certain trade dress identified on paragraph 12 of the Complaint.

15. Horizon's use of the packaging of the accused products does not and will not, (a) constitute unfair competition or a false designation of origin in violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a)); (b) constitute unfair competition under common law; or (c) otherwise violate state or federal statutory or common law.

16. There are several reasons why there is no likelihood of confusion between Horizon's packaging and NSI's alleged trade dress. First, NSI has failed to allege a protectable trade dress. The trade dress is descriptive and functional. Moreover, NSI's trade dress has not acquired secondary meaning. Second, Horizon's packages do not include every element of NSI's alleged trade dress.

17. By reason of the foregoing, Horizon is entitled to a declaration that Horizon's packages do not and will not infringe Plaintiff's purported trade dress or otherwise violate state or federal statutory or common law.

## SECOND COUNTERCLAIM – BREACH OF CONTRACT

18. Horizon incorporates paragraphs 1 through 17 of the Complaint as though set forth fully herein.

19. Horizon and NSI International, Inc. ("NSI") were parties to a litigation entitled NSI *International, Inc. v. Horizon Group USA, Inc.*, 1:16-cv-07841 (S.D.N.Y. filed Oct. 7, 2016). ▮

20. ▮

21. ▮

22. 

23.

24.

25.

26.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment as follows:

A.  Dismissing Plaintiff's claims with prejudice.

B.  Declaring that Defendant's packaging does not and will not, (a) constitute trade dress infringement, unfair competition or a false designation of origin in violation of Lanham Act § 43(a) (15 U.S.C. § 1125(a)); (b) constitute unfair competition or trade dress infringement under state statutory or common law; or (c) otherwise violate state or federal statutory or common law.

C.  Declaring that Plaintiff is in breach of the Settlement Agreement.

D.  Awarding Defendant its reasonable costs and fees including attorneys' fees pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

E.  Awarding all damages that Defendant has sustained as a consequence of Plaintiff's acts complained of herein.

F.  Granting Defendant such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendant demands a trial by jury on all issues triable by a jury.

Dated: June 24, 2022

Respectfully Submitted,

/s/ *Armin Ghiam*
Jeremy S. Boczko
Armin Ghiam
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 309-1000
Fax: (212) 309-1100
Email: jboczko@HuntonAK.com
aghiam@HuntonAK.com

*Counsel for Defendant*
*Horizon Group USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 24, 2021, I filed a true and correct copy of the foregoing document via the Court's electronic-filing system, which will send electronic notification of such filing to all counsel-of-record in this action.

/s/ *Armin Ghiam*
Armin Ghiam
Hunton Andrews Kurth LLP