Jonathan K. Cooperman
Michael J. Zinna
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Phone (212) 808-7800
Fax (212) 808-7897
*Attorneys for Plaintiff NSI International, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NSI INTERNATIONAL, INC., | CASE NO. 1:20cv8389 (JGK) |
| Plaintiff, | |
| -against- | **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS** |
| HORIZON GROUP USA, INC. | |
| Defendant. | |

Plaintiff/Counterclaim-Defendant NSI International, Inc. ("NSI" or "Plaintiff") by its undersigned counsel, answers Defendant/Counterclaim-Plaintiff Horizon Group USA, Inc.'s ("Horizon" or "Defendant") Counterclaims ("Counterclaims") as set forth below. Plaintiff does not respond to the headings in the Counterclaims, which require no response. To the extent the headings purport to contain factual allegations requiring a response, Plaintiff denies them.

<u>PARTIES</u>

1.     Plaintiff lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1 of the Counterclaims, and therefore, denies the same.

2.     Plaintiff admits the allegations in Paragraph 2 of the Counterclaims.

## JURISDICTION

3.      Paragraph 3 of the Counterclaims contains legal conclusions to which no response is required, and Plaintiff denies that Defendant has any viable causes of action.

4.      Paragraph 4 of the Counterclaims contains legal conclusions to which no response is required, and Plaintiff denies that Defendant has any viable causes of action.

5.      Paragraph 5 of the Counterclaims contains legal conclusions to which no response is required, and Plaintiff denies that Defendant has any viable causes of action.

6.      Paragraph 6 of the Counterclaims contains legal conclusions to which no response is required, and Plaintiff denies that Defendant has any viable causes of action.

7.      Paragraph 7 of the Counterclaims contains legal conclusions to which no response is required, and Plaintiff denies that Defendant has any viable causes of action.

## FACTS

8.      Plaintiff denies that Horizon is a leading supplier of children's activity kits and craft components in the United States and that Horizon's predecessor began manufacturing craft kits in 1912. Plaintiff lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 8 of the Counterclaims, and therefore, denies the same.

9.      Plaintiff denies that Horizon's brands are recognized and trusted for delivering high quality and innovation at an exceptional value and providing artistic exploration for children, particularly its children activity kits. Plaintiff lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 9 of the Counterclaims, and therefore, denies the same.

10.     Plaintiff denies that Defendant's packaging has acquired distinctiveness, and Plaintiff denies the remaining allegations contained in Paragraph 10 of the Counterclaims.

11.     Plaintiff lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9 of the Counterclaims, and therefore, denies the same.

12.     Paragraph 12 of the Counterclaims contains legal conclusions to which no response is required.

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT

13.     Plaintiff repeats and incorporates by reference its responses to the allegations in the previous Paragraphs of the Counterclaims as though set forth fully herein.

14.     Plaintiff admits that it owns the trade dress identified in Paragraph 12 of the Second Amended Complaint.

15.     Plaintiff denies the allegations contained in Paragraph 15 of the Counterclaims.

16.     Plaintiff denies the allegations contained in Paragraph 16 of the Counterclaims.

17.     Plaintiff denies the allegations contained in Paragraph 17 of the Counterclaims.

## SECOND COUNTERCLAIM – BREACH OF CONTRACT

18.     Plaintiff repeats and incorporates by reference its responses to the allegations in the previous Paragraphs of the Counterclaims as though set forth fully herein.

19.     Plaintiff admits the allegations in Paragraph 19 of the Counterclaims.

20.     Plaintiff denies the allegations contained in Paragraph 20 of the Counterclaims and refers the Court to the referenced Settlement Agreement for a true and accurate statement of its terms and conditions.

21.     Plaintiff admits that on February 28, 2022, NSI filed Protest No. B-420570.1 with the U.S. Government Accountability Office ("GAO"), denies the remaining allegations and refers the Court to the referenced protest for a true and accurate statement of its contents.

22.     Plaintiff denies the allegations contained in Paragraph 22 of the Counterclaims and refers the Court to the referenced protest for a true and accurate statement of its contents.

23.     Plaintiff denies the allegations contained in Paragraph 23 of the Counterclaims.

24.     Plaintiff denies the allegations contained in Paragraph 24 of the Counterclaims and refers the Court to the notice for a true and accurate statement of its contents.

25.     Plaintiff denies the allegations contained in Paragraph 25 of the Counterclaims.

26.     Plaintiff denies the allegations contained in Paragraph 23 of the Counterclaims.

**PRAYER FOR RELIEF**

27.     Plaintiff denies the allegations set forth in Paragraphs A through F of the Prayer for Relief section of the Counterclaims.

## AFFIRMATIVE DEFENSES

Plaintiff hereby asserts the following affirmative defenses based upon information presently available and it reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available:

### First Affirmative Defense

Defendant's claims are barred, in whole or in part, because the Counterclaims fail to state a claim of action or facts sufficient to constitute a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant's claims are barred, in whole or in part, because Plaintiff has identified a protectable trade dress. Plaintiff's alleged trade dress is not functional or descriptive and has obtained secondary meaning.

### Third Affirmative Defense

Defendant's claims are barred, in whole or in part, because Defendant has infringed Plaintiff's trade dress. Defendant's accused packaging is likely to cause consumers to be confused, mistaken or deceived into believing that the accused packaging originates with or is otherwise associated with Plaintiff.

### Fourth Affirmative Defense

Defendant's claims are barred, because Defendant's actions are not protected by the doctrines of fair use, nominative fair use, and/or descriptive use.

### Fifth Affirmative Defense

Defendant's claims are barred, in whole or in part, because Defendant has not suffered and Plaintiff has not alleged any loss or damages as a result of Plaintiff's alleged conduct.

### Sixth Affirmative Defense

Without admitting that the Counterclaims state a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### Seventh Affirmative Defense

Defendant's claims are barred, in whole or in part, by reason of the justified, good faith conduct and innocent intent by Plaintiff.

### Eighth Affirmative Defense

Defendant's claims are barred, in whole or in part, because it has failed to mitigate its alleged damages and/or attorneys' fees.

### Ninth Affirmative Defense

Defendant's claims are barred, in whole or in part, by equitable doctrines of laches, estoppel, acquiescence, and/or unclean hands.

### Additional Affirmative Defenses

Plaintiff reserves the right to assert other affirmative defenses which may become appropriate after discovery.

### <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

DATED: July 15, 2022                    KELLEY DRYE & WARREN LLP
                                        Jonathan K. Cooperman


                                        By   _____

                                        Jonathan K. Cooperman (JC1804)
                                        Email: jcooperman@kelleydrye.com
                                        Michael J. Zinna (MZ3009)
                                        Email: mzinna@kelleydrye.com
                                        3 World Trade Center
                                        175 Greenwich Street
                                        New York, New York 10007
                                        (212) 808-7800

                                        *Attorneys for Plaintiff NSI International, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 15, 2022, a true and correct copy of the foregoing

PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS was filed electronically

with the Clerk of the above-captioned Court utilizing the Court's CM/ECF system, resulting in

an automatic transmission of a Notice of Electronic Filing to all counsel of record in the above-

referenced proceeding.

By:   /s/ Michael J. Zinna
          Michael J. Zinna