

Michael J. Zinna

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7800
Fax:  (212) 808-7897
MZinna@KelleyDrye.com

October 6, 2022

**Via ECF**
The Honorable James L. Cott, U.S. Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl St., Room 1360
New York, NY 10007

> Re:   *NSI International, Inc. v. Horizon Group USA, Inc.*,
>         <u>Docket No. 1:20-cv-08389 (S.D.N.Y. Oct. 07, 2020)</u>

Dear Judge Cott:

  We represent Plaintiff NSI International, Inc. ("NSI") in the above-referenced matter against Defendant Horizon Group USA, Inc. ("Horizon") and write this letter motion requesting a conference with the Court pursuant to Local Civil Rule 37.2.  In accordance with Your Honor's Individual Rule II(B)(1), the parties conferred twice by telephone regarding the following discovery disputes, but could not come to a resolution.  The first meet and confer took place for an hour on September 19th between Michael J. Zinna and Stephanie Carroll for NSI and Armin Ghiam for Horizon.  The second meet and confer took place for an hour on September 20th between Jonathan Cooperman and Stephanie Carroll for NSI and Armin Ghiam for Horizon.  While Horizon produced some documents thereafter addressing a few of these disputes, Horizon has refused to respond to the issues listed below.  Accordingly, NSI respectfully requests an order compelling the production of documents and supplemental responses to interrogatories and requests for admission.

  This is a lawsuit for trade dress infringement and unfair competition.  Horizon has copied NSI's entire line of Smithsonian®-branded STEM Kits. (*See* Exhibit 1.)  In particular, the packaging of seven of Horizon's Discovery-branded STEM Kits (the "Accused Products") infringe NSI's Trade Dress for its Smithsonian®-branded STEM Kits. (*See* Second Amended Complaint ("SAC") ¶¶ 33-34, 38-52, ECF No. 36.)  Horizon has sold Discovery STEM Kits in boxes with different graphics over time. (*See* SAC ¶¶ 38-52.)  Horizon has changed the  packaging of the Accused Products to infringe NSI's Trade Dress once NSI's products became commercially successful.  NSI's Trade Dress contains a white background, which is one feature of the NSI Trade Dress.  An example of how Horizon changed its packaging to infringe NSI's Trade Dress is depicted below:

Magistrate Judge Cott
October 6, 2022

|  NSI's Smithsonian®  Magic Rocks | Horizon's prior Discovery Crystal Aquarium | Horizon's Accused Product Discovery Crystal Aquarium |
|---|---|---|
|  |  |  |

(*See* SAC ¶¶ 33-34, 38-52.)

Horizon produced 1,191 documents in response to NSI's Requests for Production of Documents ("RFP"). None concerned the products at issue in this Complaint. NSI sent Horizon a deficiency letter on September 13, 2022, attached as Exhibit 2 (the "Deficiency Letter"). Horizon made a second production of 227 documents on September 19, 2022 and a third production of 112 documents on October 4, 2022 which have not cured the deficiencies.

The Deficiency Letter lays out the production's deficiencies on a request-by-request basis. For the Court's convenience and to better frame the forthcoming conference, we have summarized the categories of documents and information that Horizon refuses to produce.

1. **Horizon has only produced images of the packaging and instructions related to the Accused Products, which are the boxes at the core of this case.**

Horizon has only produced 30 documents that are related to the seven Accused Products, identified by their packaging with a white background. These 30 documents are only images of the packaging and instructions; they provide no more information about the Accused Products than the publicly available boxes. Documents related to kits for the seven Accused Products are responsive to almost every RFP because these are the products at the center of the case. There can be no dispute about their relevancy. Most importantly, NSI seeks documents and communications that relate to the inspiration, creation, approval and adoption of the packaging for the Accused Products, as well as documents related to Horizon's decision to change its packaging to incorporate the NSI Trade Dress. These documents in particular are responsive at least to RFP numbers 1-2, 4-46, 50, 53-58, 61-71, and 76. No such documents have been produced in any of Horizon's three document productions.

2. **Horizon will only produce documents related to the Accused Products.**

The Accused Products are a subset of the full line of Horizon's Discovery STEM Kits. Documents relating to full line of Horizon's Discovery STEM Kits are responsive to at least RFP numbers 4-17, 32, 35, 42-45, and 54-56. Horizon claims these documents are not relevant, but has already produced documents relevant to many STEM and other products that are not at issue in this lawsuit. The packaging

Magistrate Judge Cott
October 6, 2022

and creation of the entire line of Discovery STEM Kits is relevant at least because it refutes Horizon's defense that the NSI Trade Dress is functional.

### 3. Horizon refuses to produce documents about its relationship with Discovery.

Horizon sells Discovery-branded STEM kits, but refuses to produce documents concerning its relationship with Discovery. These documents are responsive to at least RFP numbers 3, and 10-14. These documents are relevant to whether the decision to abandon the prior packaging and instead use the NSI Trade Dress was in bad faith, at the direction of which party, and which party had a role in creation, design and development decisions. Horizon has only agreed to produce documents on this topic that allegedly show the part of the design that originated with Discovery, therefore allegedly demonstrating that Horizon was not willful. That is an admission that this category of documents is relevant. Horizon should not be allowed to selectively produce only the documents that it believes benefits Horizon.

### 4. Horizon refuses to produce documents about the creation and design of the Accused Products or the other Discovery STEM Kits.

Horizon refuses to produce documents concerning the creation, design and/or development of the Accused Products specifically or Horizon's full line of Discovery STEM Kits more generally. These documents are responsive to at least RFP numbers 4, 6 and 7. These documents are relevant because they concern how Horizon developed a line of products using NSI's trade dress and address issues such as bad faith, willful infringement, and alleged functionality of the NSI Trade Dress. Horizon's position is that NSI is not entitled to these documents because: (1) they are not relevant, (2) Horizon's counsel does not understand what is meant by "design" and "create," and (3) inexplicably, that because NSI has no further documents to produce on this subject, neither does Horizon. This position is nonsensical since NSI of course would not have any documents regarding how Horizon developed its competitive Discovery line of products.

Horizon's objections are also at odds with documents it has produced. The production contains documents relating to the creation and design of a number of Horizon products that are not at issue in this case, such as jewelry kits and slime toys. These documents include emails, mood boards and other development documents regarding the packaging design of these products. Horizon obviously thought these documents were relevant and responsive, yet has produced not a single document concerning the Accused Products. It is clear these types of documents are documents that Horizon generates for its products.

### 5. Horizon has refused to identify employees with knowledge about design and development or advertising and marketing of the Accused Products or the other Discovery STEM Kits.

Horizon produced documents for products that are not at issue in this lawsuit (jewelry kits and slime toys) that identify 40 individuals that appear to have been involved with design, development or marketing of those products. These names are identified on pages 3-4 of the Deficiency Letter. It is not

Magistrate Judge Cott
October 6, 2022

clear from the documents which of these individuals, except for Ms. Hiu Lee, played a role in the design, development or marketing of the Accused Products or the Discovery STEM Kits, because the documents produced do not relate to those products. NSI's Interrogatories 1, 2, 7 and 8 asked for these names directly, yet Horizon only named Ms. Lee, and Horizon has refused to identify any other individuals concerning the Accused Products at issue in this lawsuit.

Documents on this topic are responsive to RFP numbers 6, 7 and 17 and this is basic information in any lawsuit. Horizon's position is that "some" of the names on the list in NSI's Deficiency Letter culled from the existing production are responsive to these Requests, and Horizon does not have to produce any more documents, or identify which names are actually responsive to the Interrogatories. Horizon's position is that NSI should just start deposing the 40 people NSI gleaned from documents relating to jewelry kits and slime toys to determine who has information regarding the Accused Products. Here again, Horizon is attempting to hinder NSI's legitimate inquiry concerning who at Horizon has information relevant to the central issue in this case: the design, development and marketing of the Discovery STEM Kits, including the Accused Products.

6. **Horizon will not produce documents concerning the distribution of the Discovery STEM Kits, including the Accused Products, and its acquisition of distributors.**

Horizon refuses to produce documents concerning the distribution of the Discovery STEM Kits, including the Accused Products. Documents concerning importation activities, attempts to acquire distributors, contracts, business plans, or forecasts are all responsive to RFP number 33 and are relevant, because attempts to acquire distributors and statements made in those negotiations could evidence Horizon's knowledge of its infringement. Horizon has only offered to search for "NSI" in its potentially-responsive documents. To the extent Horizon was careful about its word choice in these communications, such a search would obviously miss many relevant communications.

7. **Horizon has refused to produce documents concerning specific financial information.**

Horizon refuses to produce certain documents concerning the sale or offering for sale of the Discovery STEM Kits which include the Accused Products. These documents are responsive to at least RFP number 36. Horizon has only agreed to produce price lists and a financial summary excel with units sold, net revenue, and cost of goods sold. Horizon agreed to produce a general "expenses category," but NSI is entitled to know which expenses are claimed under this category if Horizon intends to use these expenses to limit possible damages.

Horizon also refuses to produce documents concerning financial expenditures incurred in connection with the creation, design, development, selection, approval and/or adoption of the Discovery STEM Kits and Disputed Packaging. This is responsive to RFP numbers 37 and 38. Horizon's position is that such documents are irrelevant, but stated that Horizon will produce them *if* Horizon determines these expenditures are deductible from profits at an unknown future date. Horizon should be compelled to produce this information, or be prevented from using any such documents or information later.

Magistrate Judge Cott
October 6, 2022

8. **Horizon has refused to produce documents concerning third party STEM kits.**

   Horizon refuses to produce documents concerning Horizon's knowledge of third party STEM kits. This is responsive to RFP number 51. Horizon's knowledge of third party STEM Kits – particularly those that do not use the NSI Trade Dress – goes directly to Horizon's argument that the NSI Trade Dress is functional.

9. **Horizon has refused to produce documents concerning the adoption of the Accused Products.**

   Horizon refuses to produce documents concerning any due diligence performed by or on behalf of Horizon regarding the packaging of the Accused Products prior to Horizon's adoption of the NSI packaging. This is responsive to RFP number 62. Horizon's counsel stated that he does not know what "Due Diligence" means (even though it is defined in the RFPs) or that Horizon's entire response may be privileged. NSI is entitled to these documents or a privilege log.

10. **Horizon will not produce documents regarding IP infringement claims made against Horizon.**

    Horizon refuses to produce documents concerning any claims of intellectual property infringement made against Horizon. This is responsive to RFP numbers 64 and 75. Horizon asserts that these documents are publicly available on PACER, but only infringement claims that became lawsuits are publicly available. Horizon should be required to produce cease and desist letters or other claims of intellectual property infringement that did not result in a lawsuit. This information is relevant to Horizon's defense that it adopted the packaging in good faith.

11. **Horizon has refused to supplement NSI's Request for Admission number 3 admitting that Discovery has the authority to dictate certain design elements of the packaging of the Discovery STEM Kits.**

    Horizon responds, "Defendant only admits that Horizon is in compliance with Discovery's design guidelines with respect to the Horizon's kits-at-issue in this case. Horizon is unable to speculate as to Discovery's course of action in the event Horizon fails to comply with Discovery's guidelines." Horizon refused to supplement its response on the basis that the Request is vague, because Horizon's counsel does not understand what "authority" means.

Respectfully yours,

Michael J. Zinna

cc:    All Counsel of Record