# Exhibit A



HUNTON ANDREWS KURTH LLP
200 PARK AVENUE
NEW YORK, NY 10166-0005

TEL   212 • 309 • 1000
FAX   212 • 309 • 1100

ARMIN GHIAM
DIRECT DIAL: 212 • 908 • 6207
EMAIL: aghiam@HuntonAK.com

FILE NO: 119686.0000182

June 7, 2022

**Via E-Mail**

Michael J. Zinna
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Phone: (212) 808-7800
Fax: (212) 808-7897

      **Re:**    ***NSI International, Inc. v. Horizon Group USA, Inc.,***
               <u>**Case No. 1:20-cv-8389 (S.D.N.Y.) (JGK)**</u>

Dear Michael:

We are in receipt of Plaintiff's production of documents made on June 2, 2022 in the above-referenced matter. Given that Horizon Group USA, Inc.'s requests were outstanding for almost six months, we were disappointed that Plaintiff's production is utterly deficient as to the vast majority of the categories of requested documents. Plaintiff's 28,000 page production—which contains 4,400 Excel files—at best can be described as a "document dump" devoid of any relevant information, and consists only of deal sheets, invoices, and operation and inventory reports.  It is clear NSI is not meeting its good faith requirements to timely produce responsive documents.

As will be detailed below, the documents received to date are deficient in material respects and we request that Plaintiff ***immediately*** supplement its production of documents. In particular, based on our review of Plaintiff's production, Plaintiff has failed to produce sufficient documents in response to—by way of example only—the following Document Requests which go to the very heart of the issues of contention:

- Request No. 1: NSI's design or development of the Alleged Trade Dress.

- Request No. 2: circumstances of NSI's first use of the Alleged Trade Dress.

- Request No. 4: any change in product packaging for any of the NSI's Products.

June 7, 2022
Page 2



- Request No. 5: NSI's adoption of the Alleged Trade Dress.

- Request No. 6: person(s) responsible for the design, development, and/or adoption of the Alleged Trade Dress.

- Request No. 11: any license agreements and distribution agreements, concerning the Alleged Trade Dress between NSI and any third party.

- Request No. 12: agreements, including any license agreements and distribution agreements, concerning NSI's Products and any third party.

- Request No. 14: description of the Alleged Trade Dress.

- Request No. 15: any intellectual property policies or guidelines that NSI follows.

- Request No. 17: the purported similarity between the NSI Trade Dress and Horizon's Products.

- Request No. 18: all products with which NSI has used the Alleged Trade Dress.

- Request No. 19: each product with which NSI has used the Alleged Trade Dress.

- Request No. 20: advertising, marketing, or promotion of all products with which NSI has used the Alleged Trade Dress.

- Request No. 21: newspaper, magazine, newsletter, trade journal, website, and other media coverage concerning the Alleged Trade Dress.

- Request No. 22: the geographic regions in the United States in which NSI has or has caused to be advertised.

- Request No. 26: annual volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by NSI under or in connection with the Alleged Trade Dress.

- Request No. 28: the gross and net profits realized by NSI from the sale of any goods or services under or in connection with the Alleged Trade Dress.

- Request No. 30: the manufacture of NSI's Products and packaging.

- Request No. 31: each visual manner in which NSI has presented the Alleged Trade Dress.

- Request No. 32: any planned or future development of any goods or services in connection with the Alleged Trade Dress.

June 7, 2022
Page 3



- Request No. 33: reasons why NSI adopted any element of the Alleged Trade Dress.

- Request No. 34: any person actually or intended to be employed by NSI to advertise or promote the Alleged Trade Dress.

- Request No. 35: any person used or intended to be used by NSI to manufacture or develop any goods in connection with the Alleged Trade Dress.

- Request No. 36: any person to or with whom NSI markets, sells, or distributes or intends to market, sell, or distribute any goods or services under or in connection with the Alleged Trade Dress.

- Request No. 38: research or intelligence gathering NSI conducted on Horizon or the Horizon's Products.

- Request No. 40: any consumer or market research on the Alleged Trade Dress.

- Request No. 43: studies, surveys, investigations, research, development, analysis, or opinions concerning the Alleged Trade Dress.

- Request No. 46: any consumer, governmental, or other complaints or investigations concerning NSI's Products or the Alleged Trade Dress.

- Request No. 47: refunds for NSI's Products.

- Request No. 48: quality control provisions NSI has in place for the NSI's Products.

- Request No. 50: Horizon and/or Horizon's Products.

- Request No. 51: any statement, inquiry, comment, or other communication by or from any person evidencing any confusion.

- Request No. 53: the reputation and goodwill of NSI.

- Request No. 54: the reputation and goodwill associated with the Alleged Trade dress.

- Request No. 55: reports and analyses of NSI's sale of any products as compared to Horizon's sales of any products.

- Request No. 56: any third party's understanding that the Alleged Trade Dress serves a source-identifying function.

- Request No. 57: any action taken by NSI to get consumers to associate the Alleged Trade Dress or any element of the Alleged Trade Dress with a single source.

June 7, 2022
Page 4



- Request No. 61: the typical and target consumers of NSI's Products.

- Request No. 67: the settlement of any intellectual property claims between NSI and any third party concerning the Alleged Trade Dress.

- Request No. 68: the circumstances surrounding NSI's actual discovery of the facts alleged in the complaint.

- Request No. 76: the contention that "NSI markets and sells the Kits through its website, located at www.nsi-intl.com," as alleged in Paragraph 9 of the Second Amended Complaint. (D.I. 36).

- Request No. 79: the contention that "NSI has made a substantial investment of time, money and effort to develop and promote the Kits and design their packaging, including the Smithsonian® Microscope and the other Kits identified in this Complaint. This includes, for example, more than $5 million in development and advertising expenditures and thousands of man hours in development. As a result of this effort, the relevant consuming public has come to associate the Kits, and the distinctive NSI Trade Dress, with NSI and its Smithsonian® brand."

- Request No. 82: the contention that "The NSI Trade Dress in the packaging for the Kits features unique elements that individually and in combination create an overall look and feel that is readily identifiable by consumers as packaging originating with NSI and/or associated with NSI's Kits," as alleged in Paragraph 16 of the Second Amended Complaint. (D.I. 36).

To the extent Plaintiff maintains that it has produced relevant documents in response to these requests, please identify them by Bates numbers.  Due to the essential nature of the requested discovery to this litigation, we ask that you provide the requested documents *immediately*.  To the extent you are unable or unwilling to do so, please let us know your earliest availability to meet and confer on these issues.

We thank you in advance for your time and consideration.

Sincerely,

/s/ Armin Ghiam

cc:     Jeremy Boczko

# Exhibit B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NSI INTERNATIONAL, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> HORIZON GROUP USA, INC., <br><br> *Defendant*. | Case No. 1:20-cv-08389-JGK |

### PLAINTIFF NSI INTERNATIONAL, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HORIZON GROUP USA, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33 and United States District Court for the Southern District of New York Local Rule 33.3, Plaintiff NSI International, Inc. ("NSI"), by its undersigned counsel, hereby responds to Defendant Horizon Group USA, Inc.'s ("Horizon") First set of Interrogatories to NSI (Horizon's Interrogatories") served on December 10, 2021.

### GENERAL OBJECTIONS

These General Objections are incorporated by reference into the response to each interrogatory.

1.      NSI objects to Horizon's Interrogatories to the extent that they exceed the scope of discovery or any applicable Federal Rules of Civil Procedure.

2.      NSI objects to Horizon's Interrogatories to the extent that they exceed the scope of any applicable United States District Court for the Southern District of New York Local Rules, including Local Rule 26.2 assertion of claim of privilege, Local Rule 26.3 uniform definitions in discovery request and Local Rule 33.3 which states, "unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking

names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

3.      NSI objects to Horizon's Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. If NSI inadvertently produces any information falling within any applicable privilege, NSI does not intend to waive the applicable privilege.

4.      NSI objects to Horizon's Interrogatories to the extent that they are vague, ambiguous, overbroad in scope, uncertain as to time, unduly burdensome, oppressive, or seek information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case.

5.      NSI objects to Horizon's Interrogatories to the extent that they call for or contain a legal conclusion, opinion, legal argument, or factual or legal misrepresentation.

6.      NSI objects to Horizon's Interrogatories to the extent they seek information that is publicly available and/or within Horizon's possession, custody, or control and/or equally available to Horizon.

7.      NSI objects to Horizon's Interrogatories to the extent they seek the premature disclosure of expert testimony or information or purport to require NSI to disclose analyses, opinions, or theories that will be the subject of expert testimony. NSI's responses to Horizon's Interrogatories are made without prejudice to NSI's right during the further course of these proceedings, including at trial, to rely upon, refer to, or put into evidence additional expert information, testimony, or reports.

8.      NSI objects to Horizon's definitions of "Identify" with respect to a person who is an individual to the extent it exceeds the scope of the requirements of the Federal Rules of Civil Procedure Rules 26 and 33, and the Local Rules of the United States District Court for the Southern District of New York.

9.      NSI objects to Horizon's definitions of "Identify" with respect to a person that is an entity to the extent it exceeds the scope of the requirements of the Federal Rules of Civil Procedure Rules 26 and 33, and the Local Rules of the United States District Court for the Southern District of New York.

10.     NSI objects to Horizon's definitions of "Identify" with respect to a document to the extent it exceeds the scope of the requirements of the Federal Rules of Civil Procedure Rules 26 and 33, and the Local Rules of the United States District Court for the Southern District of New York.

11.     NSI objects to Horizon's definitions of "Identify" with respect to a communication to the extent it exceeds the scope of the requirements of the Federal Rules of Civil Procedure Rules 26 and 33, and the Local Rules of the United States District Court for the Southern District of New York.

12.     NSI's investigation into the matters related to these interrogatories is ongoing. Thus, although NSI is providing its best and most accurate responses to this discovery, it cannot exclude the possibility that the current responses are incomplete, or even inaccurate. NSI therefore reserves the right to supplement and amend these responses if and when further, more complete or more accurate information becomes available.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each person responsible for or involved in NSI's development or adoption of the Alleged Trade Dress, including the name of the person(s) who first came up with the idea of using the Alleged Trade Dress, and describe each person's involvement in such activity.

**RESPONSE TO INTERROGATORY NO. 1:**

NSI incorporates by reference the General Objections above as though fully set forth herein. NSI further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege. NSI also objects to this interrogatory to the extent it requests a description of each person's involvement in the development or adaption of the Alleged Trade Dress, which exceeds the scope of Local Rule 33.3 by requesting information beyond the (1) names of witnesses with knowledge of relevant information, (2) the computation of damages alleged, and (3) the existence, custodian, location and general description of relevant documents. NSI also objects to this interrogatory to the extent that it calls for identification of "each person" and as such is overbroad, unduly burdensome and not proportional to the needs of the case. NSI also objects to the request as duplicative of Horizon's Document Request No. 6.

Notwithstanding and without waiving these objections and in lieu of answering Interrogatory No. 1, NSI reserves the right to produce, pursuant to the terms of a mutually agreed upon Protective Order, business records pursuant to Rule 33(d) from which the answer may be derived and the burden of doing so would be substantially the same for either party.  NSI also reserves the right to supplement this response during the course of discovery.

**INTERROGATORY NO. 2:**

Identify each person responsible for or involved in defining the Alleged Trade Dress.

**RESPONSE TO INTERROGATORY NO. 2:**

NSI incorporates by reference the General Objections above as though fully set forth herein. NSI further objects to this interrogatory to the extent that it seeks to identify "each person" and as such is overbroad, unduly burdensome and not proportional to the needs of the case. NSI also objects to this interrogatory as seeking information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Notwithstanding and without waiving these objections and in lieu of answering Interrogatory No. 2, NSI reserves the right to produce, pursuant to the terms of a mutually agreed upon Protective Order, business records pursuant to Rule 33(d) from which the answer may be derived and the burden of doing so would be substantially the same for either party.  NSI also reserves the right to supplement this response during the course of discovery.

**INTERROGATORY NO. 3:**

Identify each person responsible for or involved in the advertising and promotion of the (*sic*) NSI's Products, and describe each person's involvement in such activity.

**RESPONSE TO INTERROGATORY NO. 3:**

NSI incorporates by reference the General Objections above as though fully set forth herein. NSI further objects to the extent this interrogatory requests a description of each person's involvement in the advertising and promotion of NSI's Products, because this request exceeds the scope of Local Rule 33.3 by requesting information beyond the (1) names of witnesses with knowledge of relevant information, (2) the computation of damages alleged, and (3) the existence, custodian, location and general description of relevant documents. NSI also objects to this interrogatory to the extent that it calls for identification of "each person" and as such is overbroad, unduly burdensome and not proportional to the needs of the case.

Notwithstanding and without waiving these objections and in lieu of answering Interrogatory No. 3, NSI reserves the right to produce, pursuant to the terms of a mutually agreed upon Protective Order, business records pursuant to Rule 33(d) from which the answer may be derived and the burden of doing so would be substantially the same for either party.  NSI also reserves the right to supplement this response during the course of discovery.

**INTERROGATORY NO. 4:**

Broken down by product, identify each customer of NSI's Products who purchased the products bearing the Alleged Trade Dress in the last 5 years.

**RESPONSE TO INTERROGATORY NO. 4:**

NSI incorporates by reference the General Objections above as though fully set forth herein. NSI further objects to the extent this interrogatory exceeds the scope of Local Rule 33.3 and requests information beyond the (1) names of witnesses with knowledge of relevant information, (2) the computation of damages alleged, and (3) the existence, custodian, location and general description of relevant documents. NSI also objects to this interrogatory to the extent that it calls for the identification of  "each customer" and as such is overbroad, unduly burdensome and not proportional to the needs of the case.  NSI also objects to this interrogatory as vague because "customer" is not defined, and it is unclear whether this interrogatory encompasses individuals who purchase NSI products and/or parties with whom NSI transacts through a wholesale arrangement to resell NSI products or something else.  NSI also objects to this interrogatory as overbroad, unduly burdensome, and oppressive because it requires NSI to prepare a compilation of data. NSI also objects to the extent that this interrogatory seeks the production of consumer records protected from disclosure by applicable privacy laws and other laws.

6

Notwithstanding and without waiving these objections and in lieu of answering Interrogatory No. 4, NSI reserves the right to produce, pursuant to the terms of a mutually agreed upon Protective Order, business records pursuant to Rule 33(d) from which the answer may be derived and the burden of doing so would be substantially the same for either party.  NSI also reserves the right to supplement this response during the course of discovery.

**INTERROGATORY NO. 5:**

Identify the person(s) most knowledgeable about any and all trademark, copyright or patent license agreements NSI has concerning NSI's Products.

**RESPONSE TO INTERROGATORY NO. 5:**

NSI incorporates by reference the General Objections above as though fully set forth herein. NSI further objects to this interrogatory to the extent that it calls for a person knowledgeable about "any and all" trademark, copyright or patent license agreements and as such is overbroad, unduly burdensome and not proportional to the needs of the case. NSI also objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

Notwithstanding and without waiving these objections and in lieu of answering Interrogatory No. 5, NSI reserves the right to produce, pursuant to the terms of a mutually agreed upon Protective Order, business records pursuant to Rule 33(d) from which the answer may be derived and the burden of doing so would be substantially the same for either party.  NSI also reserves the right to supplement this response during the course of discovery.

**INTERROGATORY NO. 6:**

Identify each person that actually experienced any confusion, deception, or misunderstanding of the type described by NSI in the Second Amended Complaint (D.I. 36).

**RESPONSE TO INTERROGATORY NO. 6:**

NSI incorporates by reference the General Objections above as though fully set forth herein. NSI further objects to this interrogatory to the extent that it calls for identification of "each person" and as such is overbroad, unduly burdensome and not proportional to the needs of the case. NSI also objects to this interrogatory as premature as Horizon has not produced any documents and information responsive to this request may be within its possession, custody and control.

Notwithstanding and without waiving these objections and in lieu of answering Interrogatory No. 6, NSI reserves the right to produce, pursuant to the terms of a mutually agreed upon Protective Order, business records pursuant to Rule 33(d) from which the answer may be derived and the burden of doing so would be substantially the same for either party.  NSI also reserves the right to supplement this response during the course of discovery.

DATED: January 24, 2021          KELLEY DRYE & WARREN LLP
Michael J. Zinna

By   */s/ Michael J. Zinna*

Michael J. Zinna (MZ3009)
Email: mzinna@kelleydrye.com
Jonathan K. Cooperman (JC1804)
Email: jcooperman@kelleydrye.com
3 World Trade Center
175 Greenwich Street
New York, New York 10007
(212) 808-7800

*Attorneys for Plaintiff NSI International, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 24, 2021, a true and correct copy of the foregoing PLAINTIFF NSI INTERNATIONAL, INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HORIZON GROUP USA, INC.'S FIRST SET OF INTERROGATORIES was served upon Plaintiff, via electronic mail, per prior agreement of counsel:

James E. Rosini
jrosini@HuntonAK.com
Jeremy S. Boczko
jboczko@HuntonAK.com
Armin Ghiam
aghiam@HuntonAK.com
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166.

*/s/ Stephanie A. Carroll*
Stephanie A. Carroll