

**Michael J. Zinna**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7800
Fax:  (212) 808-7897
MZinna@KelleyDrye.com

October 17, 2022

**Via ECF**
The Honorable James L. Cott, U.S. Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl St., Room 1360
New York, NY 10007

  Re: *NSI International, Inc. v. Horizon Group USA, Inc.*,
    <u>Docket No. 1:20-cv-08389 (S.D.N.Y. Oct. 07, 2020)</u>

Dear Judge Cott:

  We represent Plaintiff NSI International, Inc. ("NSI") in the above-referenced matter against Defendant Horizon Group USA, Inc. ("Horizon"). On October 6, 2022, NSI filed a letter motion (the "Letter Motion", ECF No. 66) regarding deficiencies of Horizon's discovery responses and requesting a conference pursuant to Local Civil Rule 37.2. We write to correct several of the more glaring inaccuracies contained in the October 13, 2022 letter filed by Horizon (the "Response", ECF No. 69).

  **1. The Letter Motion is not mooted by Horizon's supplemental productions, and Horizon attempts to distract the Court with allegations that are not at issue.**

  Horizon argues that the requests in the Letter Motion are moot because Horizon agreed to supplement its responses to certain requests for production. However, the requests Horizon agreed to supplement are not at issue in the Letter Motion. The Letter Motion pertains only to the requests for which Horizon *refuses* to produce *any* documents. Horizon's letter does not deny, let alone even address, that Horizon has failed to produce any documents relating to such crucial categories as the creation, design, or adoption of the Accused Products, or Horizon's relationship with Discovery. (*See* ECF No. 66.)

  Horizon appears to be arguing that the production of the Discovery Style Guide absolves Horizon from producing other documents concerning its relationship with Discovery. This single document does not describe the whole story of the relationship between Horizon, as licensee, and Discovery, as licensor, including how much oversight Discovery actually had in the design of the packaging of the Accused Products. Indeed, the style guide merely states how the word "Discovery" is to be affixed to products, but does not at all address the wholesale copying by Horizon of NSI's products. Horizon is entitled to the full scope of relevant documents, not the self-serving picture Horizon wishes to provide.

Magistrate Judge Cott
October 17, 2022

Further, while Horizon spends more than half of its letter discussing NSI's discovery responses, those are not at all relevant to Horizon's failure to produce basic documents in this lawsuit. Horizon's discussion of NSI's responses is especially curious because Horizon was supposed to be responding to the issues raised in NSI's letter and Horizon admits that Horizon is not requesting any relief related to NSI's production. NSI strongly disagrees with the characterizations of NSI's production in the Response, but this is merely an attempted distraction from Horizon's discovery failures. The first four pages of the Response should be disregarded.

2. **Horizon makes many false statements regarding the communications between counsel for NSI and Horizon and the discovery to date.**

Horizon claims that "Plaintiff never indicated that the parties are at an impasse during the two meet and confers in September." Counsel for NSI stated on both meet and confers that NSI will be writing a letter motion to the Court requesting an order compelling discovery on all of the requests where Horizon stated it would refuse provide documents or information.

Horizon further claims, "Horizon timely provided its written responses and objections on February 24, 2022. Plaintiff never raised any issue concerning any of Horizon's objections. As such, Plaintiff's Letter concerning Horizon's objections are untimely." The Letter Motion requests an Order compelling documents in response to RFP numbers: 3-17, 32-33, 35-38, 42-45, 51, 54-56, 62, 64-75. Of these, Horizon's written objections refused to produce documents only in response to RFP numbers 36 and 37. The refusal to produce documents in response to every other request was first communicated to NSI on the meet and confers after NSI raised the fact that Horizon had failed to produce documents responsive to any of these requests, so there would have been no reason for NSI to address this prior to the meet and confers. For example, Horizon responded that it would produce documents responsive to Request Nos. 4 and 5 which requests documents concerning the design and creation of the whole Discovery line of Kits, including the Accused Products, and their packaging. While these documents are directly relevant to the issues of this lawsuit, Horizon now refuses to produce any such documents.

Horizon also claims that "Counsel [for NSI] refused to meaningfully limit the scope of [the requests for the design and creation of the packages, and Horizon's relationship with Discovery.]" However, on the meet and confers, counsel for Horizon did not offer to conduct targeted searches and instead maintained that NSI was not entitled to *any* documents on the subject. NSI gave numerous examples of the types of documents this request seeks in order to clarify for Horizon what the requests seek.

Horizon also falsely claims, "In particular, Counsel for Horizon asked if Plaintiff is interested in knowing the Chief Designer for the accused packages. Counsel for Plaintiff refused this concession." In fact, during the meet and confer NSI stated this is precisely the type of information NSI is entitled to know. Horizon's counsel, however, simply suggested that NSI should start deposing the list of 40 individuals that were identified in the deficiency letter who appeared to have some involvement with design.

**KELLEY DRYE & WARREN LLP**                                                                                                2

Magistrate Judge Cott
October 17, 2022

**3. Horizon improperly and deceptively attempts to reargue the motion to dismiss.**

In an attempt to highlight differences between the boxes, Horizon deceptively includes a side-by-side photo of NSI's Glow in the Dark Giant Volcano Kit and Horizon's Extreme Weather Kit. (*See* ECF No. 69 at 3.) Horizon fails to disclose that the Extreme Weather Kit is not an Accused Product. (*See generally* Second Amended Complaint, ECF No. 36.) NSI alleged that Horizon's Glowing Volcano Kit infringes NSI's Trade Dress. (*Id.* at 38, 41-42.) The below shows the image Horizon used in the Response and the actual Accused Product, the Horizon Glowing Volcano Kit.

| The Image from the Response (NSI's Glow in the Dark Volcano Kit next to Horizon's Extreme Weather Kit) (ECF No. 69 at 3.) | The Accused Product (Horizon's Glowing Volcano Kit) |
|---|---|



Horizon's letter also attempts to reargue the prior motion to dismiss and tries to justify its refusal to respond to discovery based upon Horizon's own evaluation of the merits of the case. Judge Koeltl ruled that NSI's claims for trade dress infringement and unfair competition were valid. (Order dated June 10, 2022 at 10-11, ECF No. 57). Discovery on issues relating to those legal claims is therefore proper.

If the Court wishes to have a teleconference regarding this matter rather than rule on the letters, Counsel for NSI is available on Wednesday, October 19th; Monday, October 24th; Tuesday, October 25th; Thursday, October 27th; or Friday, October 28th, due to already-scheduled business travel and hearings.

Respectfully yours,

Michael J. Zinna

cc:     All Counsel of Record