USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NSI INTERNATIONAL, INC.,

        Plaintiff,

-against-

HORIZON GROUP USA, INC.

        Defendant.

CASE NO. 1:20-cv-8389 (JGK)

**STIPULATED PROTECTIVE ORDER**

      **WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.     Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, competitively sensitive, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as Confidential Information will be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Information that is publicly available should not be designated as Confidential Information.

      2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Protective Order or as provided by such order as may be issued by the Court during the course of this

litigation. The provisions of this Order extend to all Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition testimony and transcripts, deposition exhibits, any other discovery conducted in this litigation and any copies, notes, abstracts or summaries of the foregoing.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

4. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information. Further, the parties do not concede that all confidential materials referenced herein are discoverable.

5. A document should be designated "CONFIDENTIAL" when it contains or reflects confidential information, relating to information that the disclosing party or non-party believes in good faith contains, constitutes or reveals confidential commercial information or other information that has not been publicly disclosed.

6. Confidential Information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. Attorneys at those law firms appearing as counsel of record for the parties who are involved in the prosecution or defense of the claims advanced in this action, as well as their respective paralegal, investigative, technical, administrative, secretarial and clerical personnel, and any outside photocopying, document storage, data processing or graphic production

    services employed or retained by them, who are engaged in assisting them in this litigation;

b.     Any in-house attorneys employed by any of the parties who are involved in, or consulting or cooperating with outside counsel in the prosecution or defense of the claims advanced in this action, as well as their respective paralegal, technical, administrative, secretarial and clerical personnel;

c.     A party, or any director, officer, employee, or contractor of a party for the purposes or pursuing or defending this litigation or evaluating settlement with a need to view the Confidential Information for this purpose;

d.     This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

e.     Independent experts, consultants or investigators retained by the attorneys for the purposes of prosecution or defense of the claims advanced in this action, that are not directly associated with a party, as well as their respective investigative, technical, administrative, secretarial and clerical personnel, provided Paragraph 9 is complied with;

f.     Any person who is identified on the face of any material designated as Confidential Information as an author or recipient thereof or who is an officer, director, managing agent, or principal of the company that produced the Confidential Information or the receiving party; and

        g.        Any person who is determined to have been an author and/or previous recipient of material designated as Confidential Information, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Confidential Information designated material by such person.

        7.        Information or documents designated "HIGHLY CONFIDENTIAL" shall be limited to information that is particularly sensitive, private, or competitively valuable, including, without limitation, trade secrets, competitively sensitive information about future business plans and strategies, financial information relating to pricing, gross revenue, units sold and profits for products, marketing plans or strategies, market surveys, business plans, pricing plans, strategic plans, license agreements or negotiations, distribution agreements, manufacturing agreements, manufacturing processes, engineering and manufacturing drawings, employee files, identity of shareholders, merchandising, research and development of products and technical matters not yet released or sold, financial information or projections, including, without limitation, budgets, net worth, or other documents relating to income or revenue earned, financial information not related to the product at issue in this litigation, asset information that is not public knowledge, or other confidential commercial information that the disclosing party or non-party believes in good faith with result in competitive disadvantage or harm if disclosed to another party or third party to this action or to the public in general.

        8.        Documents designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except those persons described in 6(a), 6(d), 6(e), 6(f), and 6(g), but only to the extent reasonably necessary for litigation purposes, and such information shall not be given, shown, made available, communicated, or otherwise disclosed to any other person.

9. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

10. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Protective Order.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or Confidential Information before production.

13. If, in connection with this action, a producing party inadvertently discloses information subject to a claim of attorney-client privilege, work product immunity, or any other protection provided under the law ("Inadvertently Disclosed Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product immunity, or any other protection that the producing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Privileged Information and its subject matter. If claim of inadvertent disclosure is made by a producing party with respect to Inadvertently Disclosed Privileged Information, the receiving party: (a) will, within five business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information and certify that all such Inadvertently Disclosed Privileged Information has been returned or destroyed; and (b) must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified by the producing party.

14. The parties shall endeavor to have filed or placed under seal all pleadings or other Court filings containing Confidential Information in order to prevent disclosure to anyone other than persons identified in paragraphs 6 and 8 of this Protective Order (as applicable). In the event that any Confidential Information is used in the action, the parties agree that it shall not lose its confidential status through such use, and the parties shall take all reasonable steps to protect its confidentiality. The parties shall follow the Court's procedures for requests for filing under seal.

15. If the Court Clerk shall refuse to file a sealed pleading or memorandum, the party attempting to file the pleading or memorandum shall not be prejudiced from re-filing an unsealed version of the pleading or memorandum as soon as reasonably practicable, and seeking to have such pleading or memorandum sealed through a motion. Any party who in good faith believes that designation and filing under seal is required pursuant to this Protective Order may make an application to the Court to permit filing under seal within fifteen (15) business days of learning of any such filing.

16. Regardless of any provision in this Protective Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

17. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

18. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

19. The Protective Order may be modified only in writing by the parties and approved by an order of the Court, or by motion to the Court.

20. This Protective Order shall apply to any non-party who is obligated to provide discovery by deposition, production of documents or otherwise in this litigation, if that non-party requests the protection of this Protective Order as to its Confidential Information and agrees to be bound by the provisions of this Protective Order by executing a Confidentiality Agreement in

substantially the form attached hereto as Exhibit A. This Order shall also apply to non-parties defined in Paragraphs 6(e), 6(f), and 6(g) who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise. Such non-parties shall execute a Confidentiality Agreement in substantially the form attached hereto as Exhibit A.

SO STIPULATED AND AGREED.

Dated: October 14, 2022

| KELLEY DRYE & WARREN, LLP | HUNTON ANDREWS KURTH LLP |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| By: /s/ Michael J. Zinna<br>Michael J. Zinna | By: /s/ Armin Ghiam<br>Armin Ghiam |

Dated: October 21, 2022
    New York, New York

SO ORDERED.

_____
JAMES L. COTT
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT FOR OTHERS

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the terms of the Protective Order entered in the U.S. District Court, Southern District of New York case entitled *NSI International, Inc. v. Horizon Group USA, Inc.*, Case No. 1:20-cv-8389 (JGK).

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

DATED:_____

NAME:_____