

**Michael J. Zinna**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7800
Fax: (212) 808-7897
MZinna@KelleyDrye.com

October 31, 2022

**Via ECF**
The Honorable James L. Cott, U.S. Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl St., Room 1360
New York, NY 10007

>Re: *NSI International, Inc. v. Horizon Group USA, Inc.*,
>    <u>Docket No. 1:20-cv-08389 (S.D.N.Y. Oct. 07, 2020)</u>

Dear Judge Cott:

    Plaintiff NSI International, Inc. ("NSI") and Defendant Horizon Group USA, Inc. ("Horizon") (together the "Parties") write jointly in regards to the above-referenced matter. NSI submitted a letter motion to the Court requesting a conference regarding discovery disputes on October 6, 2022. ECF No. 66. Horizon opposed the letter on October 13, 2022, ECF No. 69, and NSI replied on October 17, 2022. ECF No. 75. On October 21, 2022, the Court took the letter motion under advisement and directed the Parties to further meet and confer and submit a joint letter itemizing the discovery disputes that remain to establish the agenda for the November 1, 2022 conference. The Parties met and conferred on October 27, 2022 for an hour and a half.

**<u>Oct. 31, 2022 Update on Matters that are not Topic Specific:</u>** The Parties met and conferred on October 27, 2022 and have made progress regarding some of the specific disputes referenced in NSI's October 6, 2022 letter. The issues that remain in dispute between the parties is noted below for each remaining topic.

- The one remaining dispute that is not topic-specific is the date by which Horizon will produce any remaining documents the Court orders it to produce and/or that it has agreed to produce, and that date by which NSI will produce responses in compliance with Rule 33(d) to Horizon's interrogatories served on December 10, 2021. The Parties originally agreed to complete document production by October 19, 2022. Fact Discovery ends on January 31, 2023. Following the parties September 20, 2022 meet and confer, wherein the parties agreed to supplement their production and discovery responses, the parties jointly would like the Court to order that any additional documents and discovery responses must be produced by a date set by the Court. NSI proposes November 15 as the date for completion of the remaining discovery issues. NSI believes that this is several weeks after the document production deadline Horizon previously agreed to,

and will allow the Parties to start reviewing newly-produced documents before the Thanksgiving holiday. Horizon proposes November 31, 2022 as the new deadline to complete document production. Horizon has been continuously producing documents to NSI. The October and November months are the busiest and most significant periods for toy companies, particularly in an uncertain economy. NSI considers this date to be too late given the upcoming holidays and the previously-agreed October 19, 2022 deadline. NSI has stated that it will not agree to produce responses to Horizon's interrogatories until Horizon has substantially completed production of its documents. Horizon does not believe NSI has a basis to withhold the immediate responses that were originally due in January, 2022. NSI does not believe that Horizon has any basis to request responses from NSI while it continues to unilaterally produce documents at its convenience and after an agreed-upon deadline.

- Although Horizon's follow-up letter of October 13, 2022 did not request any specific relief from the Court regarding NSI's responses to Horizon's document requests, NSI confirmed on the October 27, 2022 meet and confer that its document production is substantially complete, other than documents pertaining to the issue of actual confusion. To the extent any additional documents on this topic are uncovered, NSI represented that it will be prepared to produce those documents on whatever date the Court sets for Horizon's final document production. Although Horizon contends that it has serious concerns about NSI's document production, it has agreed to withhold judgement until its review of that production is complete. NSI contends that Horizon's October 13, 2022 letter did not request any relief from the Court concerning document production.

For the Court's convenience and pursuant to the October 21 Order, the Parties are providing an update to each category of disputes copied below.

1. **Documents related to the Accused Products.**

Horizon supplemented its production on October 18 – 19, 2022 and has also agreed to produce some additional categories of documents regarding the Accused Products. Any remaining disputes are described herein.

2. **Horizon will only produce documents related to the Accused Products.**

The Accused Products are a subset of the full line of Horizon's Discovery STEM Kits. Documents relating to full line of Horizon's Discovery STEM Kits are responsive to at least RFP numbers 4-17, 32, 35, 42-45, and 54-56. NSI alleges that although Horizon claims these documents are not relevant, but has already produced documents relevant to many STEM and other products that are not at issue in this lawsuit. NSI claims that the packaging and creation of the entire line of Discovery STEM Kits is relevant at least because it refutes Horizon's defense that the NSI Trade Dress is functional.

Horizon disagrees with NSI, as NSI has only accused 6 products, and despite being aware of Horizon's other products since the inception of this case, NSI has not accused these products. It is

particularly burdensome for Horizon to collect documents relating to dozens of products that are not at issue in this case.

**Oct. 31, 2022 Update:** **The Parties are at an impasse regarding this dispute.** Horizon maintains its refusal to produce any documents related to its Discovery-branded STEM Kits other than the Accused Products.

NSI alleges that the Accused Products are a subset of the full line of Discovery-branded STEM Kits. In an attempt to resolve this dispute, NSI has agreed to limit its request for documents regarding the packaging of Horizon's Discovery-branded STEM Kits that are not the Accused Products (the "Non-Accused Products") to creation, design and design-approval documents. Horizon has maintained its refusal to produce any documents concerning the Non-Accused Products as doing so will be burdensome and not proportional to the needs of this case. NSI alleges, as noted in NSI's October 6, 2022 letter, one of Horizon's defenses is that NSI's Trade Dress is functional. NSI alleges that the creation, design and approval documents for the Non-Accused Products are relevant because they demonstrate Horizon's knowledge of lack of functionality; they show that Horizon itself has designed packaging for STEM kits without using the NSI Trade Dress. In addition, NSI believes it is entitled to communications regarding the creation, design and approval of the packaging for the Non-Accused Products because those communications could show, for example, Horizon's state of mind when designing the Non-Accused Product packaging, including whether that packaging was designed to purposefully look different than NSI's packaging because Horizon knew that purchasers associate certain STEM kit packaging features with NSI.

Horizon's position is that NSI can obtain publicly available final versions of the packaging for the Non-Accused Products, and NSI is not entitled to any additional documents regarding the Non-Accused Products. Horizon contends that functionality is not a question of state of mind, but rather a question of whether other products in the market prove or disprove functionality of NSI's trade dress. Horizon further states that it has many SKUs of Discovery products. Horizon understands NSI's argument to be that information concerning a single element of the trade dress could point to functional or lack of functionality of that element. NSI has informed Horizon that this is not NSI's argument. Nonetheless, Horizon contends that NSI's trade dress is described to such a point of abstraction that Horizon would have to produce documents for every product it manufactures that has a white background, does not have an image of children playing on its front cover, includes the brand name on the upper left hand corner of the box, or where a box contains an image of the product comprising 50-60% of the entire cover. Such an exercise is a request for Horizon to review and likely produce information concerning nearly every Discovery product it sells, would be extremely onerous and burdensome and is not proportional to the needs of this case. As an extension, NSI, which to date has only produced the design files for the 6 NSI products its alleges contains the entire trade dress, which need to produce the design and development documents for all of its products (or even just the Smithsonian products) that contain any element of its trade dress.

NSI has made it clear to Horizon that it is not seeking documents and information about every product Horizon sells that contains fewer than all the elements of the NSI Trade Dress – just STEM kits that contain those elements. Horizon informed NSI that these are likely dozens if not hundreds of products.

We would appreciate the Court's assistance in resolving this matter.

3. **Horizon documents about its relationship with Discovery.**

Horizon has agreed to produce its agreement with Discovery after it provides notice to and/or obtains permission from Discovery. This is acceptable to NSI, although NSI is concerned that permission is only now being sought at this late date. NSI requests that the Court order this agreement to be produced on the deadline the Court sets for the rest of Horizon's supplemental production.

Horizon also agreed to search for and produce additional correspondence with Discovery relating to the Accused Products, including but not limited to an email that included a link to Discovery's current Style Guide. This is acceptable to NSI.

4. **Horizon documents about the creation and design of the Accused Products or the other Discovery STEM Kits.**

The Parties have resolved this dispute. Horizon had produced some documents related to the creation and design of the Accused Products, and Horizon agreed to supplement its production with the complete versions of images of documents where complete documents were not originally produced, including full strings of communications, and any other communications relating to the design and development of the Accused Products. This is acceptable to NSI.

5. **Identity of Horizon employees with knowledge about design and development or advertising and marketing of the Accused Products or the other Discovery STEM Kits.**

The Parties have resolved this dispute. Horizon amended its initial disclosures and provided supplemental interrogatory responses naming additional employees with knowledge about design and development or advertising and marketing of the Accused Products or the other Discovery STEM Kits.

6. **Documents concerning the distribution of Horizon's Discovery STEM Kits, including the Accused Products, and its acquisition of distributors.**

The Parties have made some progress on this topic but still need some assistance from the Court. The Parties have agreed that Horizon will search for and produce documents with distributors, including emails, that mention "NSI" and "Smithsonian." However, Horizon has refused to search for or produce any other possibly-relevant documents and communications with distributors about NSI and Smithsonian that do not mention them by name.

NSI argues that other than documents that mention NSI or Smithsonian by name, NSI is specifically interested in documents and communications that show whether Horizon used the similarity of the packaging of NSI's kits and Horizon's kits in an attempt to entice any distributors to carry Horizon's kits. These documents might reference the products or an unnamed "competitor," but purposefully not mention NSI or Smithsonian by name, and therefore they would not be picked up in the narrow search proposed by Horizon. The Parties are at an impasse on whether Horizon will produce this broader set of documents.

Horizon believes this is a fishing expedition. Indeed. there is no easy or clear way to search for these documents. Moreover, NSI's request is logically flawed. Other than the white background, some of Horizon's packages have used the elements of the accused trade dress for a long time, e.g., the package sizes have been used for nearly half a decade now. Therefore, any notion that Horizon suddenly started touting the elements of NSI's trade dress is simply unfounded.

We would appreciate the Court's assistance in resolving this matter.

7. **Documents concerning specific financial information.**

The Parties have tentatively reached agreement on this issue and do not need the Court's assistance at this time. Horizon produced a financial summary sheet, but NSI alleges that the document does not contain any underlying data or a description of what data makes up the top-level numbers it contains. NSI has agreed to provide Horizon with specific categories of financial information NSI still needs. Horizon agreed to produce responsive documents if they exist, or to provide a financial deponent if no documents exist.

8. **Documents concerning third party STEM kits in Horizon's possession.**

The Parties have resolved this dispute.

9. **Documents concerning the adoption of the Accused Products.**

This Parties have resolved this dispute. Horizon will search for and produce documents and communications related to the final approvals for the packaging of the Accused Products, as well as documents and communications leading up to those final approvals. This is acceptable to NSI.

10. **Documents regarding third party IP infringement claims made against Horizon.**

The Parties are at an impasse. Counsel for Horizon has represented that there have been no trade dress, trademark, or copyright infringement claims related to accused product packaging lodged against Horizon. Horizon will supplement its applicable responses accordingly. NSI believes it is entitled to documents regarding any claim of trademark, trade dress, or copyright infringement concerning the product packaging of <u>any</u> Horizon products, because this shows a pattern of behavior.

**11. Horizon has refused to supplement NSI's Request for Admission number 3 admitting that Discovery has the authority to dictate certain design elements of the packaging of the Discovery STEM Kits.**

The Parties are at an impasse regarding this dispute.

NSI states that Horizon has refused to update the above-referenced response to RFA #3, which is nothing more than an evasive non-response. Horizon has recently claimed that its production of a Discovery Style Guide is evidence that Horizon could not have willfully infringed NSI's Trade Dress, because the relevant packaging design choices were dictated to Horizon by Discovery. Based on the production of this document, Horizon has formally asked NSI to withdraw its willful infringement claim against Horizon. Putting aside whether the Discovery Style Guide is enough evidence to warrant withdrawal of NSI's willfulness claim, it strains credibility for Horizon to point the finger at Discovery on one hand but refuse to admit or deny RFA #3 on the other. On the Parties' October 27, 2022 meet and confer Horizon's counsel claimed that he could not provide a supplemental response because he does not understand what the word "authority" means.

Horizon states that it cannot respond to the Request for Admission, for the reasons the objections state plainly in Horizon's responses. A response would the legal interpretation of a complex commercial licensing agreement assuming the full compliance of other provisions in the agreement. Additionally, to better assist Horizon, or at least in an effort to find a way for Horizon to respond, Horizon repeatedly requested that NSI clarify what it means by "authority," because this term is paramount to Horizon's response to this RFA. NSI refused to provide any sort of clarification or definition to Horizon and simply stated that if this is the position that you intend to take, let's bring it up with the Court.

We would appreciate the Court's assistance in resolving this matter.

Respectfully yours,

| | |
|---|---|
| */s/ Michael J. Zinna* | */s/ Armin Ghiam* |
| Michael J. Zinna | Armin Ghiam |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| *NSI International, Inc.* | *Horizon Group USA, Inc.* |

cc: All Counsel of Record