

Michael J. Zinna

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7800
Fax: (212) 808-7897
MZinna@KelleyDrye.com

August 16, 2023

**Via ECF**

```
            Application granted. SO ORDERED.

            New York, NY       /s/ John G. Koeltl
            August 17, 2023    John G. Koeltl, U.S.D.J.
```

The Honorable John G. Koeltl, U.S. District Judge
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007

    Re:    *NSI International, Inc. v. Horizon Group USA, Inc.*,
            <u>Docket No. 1:20-cv-08389 (S.D.N.Y. Oct. 07, 2020)</u>

Dear Judge Koeltl:

    We represent Plaintiff NSI International, Inc. ("NSI") in the above-referenced matter. We are writing to request a second temporary stay pending mediation and an Order resetting forthcoming deadlines so that they can be acted upon after mediation, if mediation is not fruitful. Prior to submitting this request, our office conferred with Defendant's counsel, Armin Ghiam, Esq., and he consented to the request.

    NSI and Horizon Group USA, Inc. ("Horizon") (collectively, the "Parties) are engaging in good faith settlement discussions and are presently working to schedule a mediation in an effort to amicably resolve this dispute.

- **<u>NSI's Position</u>**. NSI is available to mediate on September 18, 19, 20 or 21, and the mediator was available on these dates the last time we checked his availability.  However, in an email dated July 21, 2023, counsel for Horizon stated that Horizon would not agree to any of these dates, because "September is the toy fair and the client is extremely busy at that time."  The referenced toy fair, which NSI is also attending, does not begin until September 30, 2023, so it is unclear why Horizon is not available between September 18th through September 21st.  NSI remains available on these dates, and NSI would like to proceed with mediation in September.  However, the parties and the mediator are also all available from November 13-15, 2023, and anticipate mediating in that timeframe if not ordered to do so earlier.
- **<u>Horizon's Position</u>**. NSI's short description, unfortunately, does not represent the full extend of the parties' negotiations on this issue. The parties have exchanged over 30 emails on this topic, and because of the busy schedules of their principals, attorneys, and mediator, various dates in July, August, September and October—not just the ones listed above—have been ruled out. As

Judge Koeltl
August 16, 2023

just one example, all parties, except for NSI, have proposed availability for mediation early in September and October. As counsel for NSI noted, the September Toy Fair is an important industry fair for both parties, and Horizon's principal to attend the mediation will be directly involved in organizing and coordinating Horizon's participation in the event. Accordingly, Horizon will not be able to attend the mediation on the proposed dates, which fall a few days before the Toy Fair. Up until counsel's email yesterday—after the parties' extensive negotiations—Horizon's understanding was that November 15 is the agreed upon date by all the parties. As such, Horizon requests the mediation to take place on November 15, 2023.

Accordingly, we write on behalf of the Parties to jointly and respectfully request a second stay of the proceedings through the date of the mediation to allow the Parties to direct their resources and time towards settlement negotiations and mediation. The Parties propose that, if the case does not settle at mediation, the stay will be lifted and the case will move forward on the amended schedule detailed below.

The stay and the reset deadlines will allow the Parties to focus on negotiating a resolution without the cost and distraction of litigation deadlines. To this end, the Parties jointly request (1) an immediate temporary stay of the litigation, to be lifted the day after mediation, if the case did not settle and (2) the following amendments to the deadlines set forth in the Order dated March 23, 2023 (ECF No. 87). Again, modifying these dates now will allow the case to immediately proceed if a resolution is not reached and the stay is lifted because the case does not settle at mediation.

| EVENT | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Fact Discovery Cutoff | August 21, 2023 | 60 days from mediation |
| Initial Designation of Experts and Expert Reports | September 22, 2023 | 90 days from mediation |
| Rebuttal Expert Report Deadline | October 20, 2023 | 120 days from mediation |
| Expert Discovery Cutoff | December 22, 2023 | 150 days from mediation |
| Dispositive Motion Filing Deadline | January 10, 2024 | 180 days from mediation |
| Joint Pretrial Order Due | February 9, 2024 | 200 days from mediation |
| Pretrial Conference | | |
| Pre-Trial Filings Due | February 9, 2024 or 21 days after decision of any dispositive motion | 200 days from mediation or 21 days after decision of any dispositive motion |
| Trial Date | At the Court's earliest convenience; Ready – Trial 48 hours' notice, 21 days after the filing of the Joint Pre-Trial Order. | At the Court's earliest convenience; Ready – Trial 48 hours' notice, 21 days after the filing of the Joint Pre-Trial Order. |

Judge Koeltl
August 16, 2023

      The initial scheduling order deadlines (*see* ECF No. 49) were reset by the Court following the Court's decision on NSI's Motion to Dismiss, (Mot. to Dismiss Order, ECF No. 57; Scheduling Order, ECF No. 64.). This is the Parties' fourth request for an Order resetting deadlines. The Parties requested an Order resetting deadlines on October 14, 2022, which was granted on October 17, 2022, (ECF No. 70) and the fact discovery deadline was reset to February 17, 2023, (ECF No. 81). The Parties requested a second extension of deadlines, which was granted on January 26, 2023 (*see* ECF No. 85). The Parties requested a temporary stay and extension of deadlines pending settlement discussions and mediation, which was granted on March 23, 2023 (*see* ECF No. 87).

      The Parties thank the Court for its consideration of this request.

Respectfully yours,

*[signature]*

Michael J. Zinna

/s/ Armin Ghiam
Armin Ghiam

cc:    All Counsel of Record